Harry Lee **BELL**, #016599,
Petitioner-Appellant,

v.

Louie L. **WAINWRIGHT**, Director, Division of Corrections, Respondent-Appellee.

No. 73-1260

**Summary Calendar.**\*

United States Court of Appeals,
Fifth Circuit.

April 18, 1973.

\* Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Company of

Charles W. Musgrove, Public Defender, 15th Judicial Cir. of Fla., West Palm Beach, Fla., for petitioner-appellant.

Robert L. Shevin, Atty. Gen., Tallahassee, Fla., Nelson E. Bailey, W. Palm Beach, Fla., for respondent-appellee.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

PER CURIAM:

Appellant, a Florida state prisoner, appeals from the denial by the United States District Court of habeas corpus relief. We affirm.

Bell originally pled not guilty in Florida State Court to an information

New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

charging him with grand larceny and three additional offenses. Subsequently he withdrew his plea and entered a plea of guilty to attempted grand larceny. Still later he withdrew this guilty plea. Thereafter the State of Florida filed a new four-count information identical to that originally filed except that the charge of grand larceny was omitted and the charge of robbery was included. A jury found appellant guilty of robbery and possession of a short-barreled shotgun (one of the counts contained in the information).

On direct appeal to Florida State Court, Bell contended his trial, on a charge higher than that to which he had pled, constituted double jeopardy.[1] The Florida appellate court affirmed the judgment of the trial court on the merits as well as on the basis of waiver brought about by appellant's failure to raise the issue of double jeopardy at trial.[2] Bell v. State, Fla.App., 1972, 262 So.2d 244.

Appellant again raises the issue of double jeopardy in these federal habeas proceedings. We find his contentions to be without merit. As the Federal District Court correctly observed, the inclusion of an additional charge in a separate information does not constitute double jeopardy. United States v. Jasso, 5 Cir., 1971, 442 F.2d 1054. But there are even more cogent reasons for denying relief. Jeopardy is reached when a jury has been selected and sworn. Downum v. United States, 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963). Jeopardy had not attached when the second bill of information was filed. Bell had voluntarily withdrawn his plea by that time. By his own affirmative action he prevented jeopardy from attaching.[3]

Affirmed.

---

1. Under Florida law, robbery involves the element of force which is not a factor in the crime of larceny. Florida Statutes §§ 813.011, 811.021, F.S.A.

2. We need not consider the procedural aspect of the case inasmuch as appellant cannot under the circumstances prevail on the merits. Nevertheless, we note that under recent Supreme Court decisions great deference is accorded to rules of criminal pleading peculiar to an individual state, the constitutionality of which is not at issue, in determining the validity of a double jeopardy claim. *See* Duncan v. Tennessee, 405 U.S. 127, 92 S.Ct. 785, 31 L.Ed.2d 86 (1972); Illinois v. Sommerville, 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (February 27, 1973).

3. Reyes v. Kelly, Fla., 1969, 224 So.2d 303, relied on by appellant, is inapposite. Unlike the present case, Reyes did not withdraw his plea of guilty. Instead the State, for the purpose of indicting Reyes for a more serious crime, attempted to enter a nolle prosequi.