WILLIAM ROBERT HASS, Appellant, *v*. THE
STATE OF NEVADA, Respondent.

No. 8351

April 29, 1976                    548 P.2d 1367

[Rehearing denied July 23, 1976]

*Rodlin Goff,* State Public Defender, and *Michael R. Griffin,*
Deputy, Carson City, for Appellant.

*Robert List,* Attorney General, Carson City; and *Michael E.
Fondi,* District Attorney, Carson City, for Respondent.

## OPINION

*Per Curiam:*

A jury found William Robert Hass guilty of two counts of the unlawful sale of marijuana. The district judge sentenced him to life imprisonment with possibility of parole on the first count (the sale being to a person under 21 years of age) and to two years imprisonment on the second count (the sale being to a person over 21 years of age), the sentences to run concurrently. NRS 453.321, subsection 2(a).[1]

Hass has appealed from his judgment of conviction, asserting several assignments of error, only one of which we need consider, for it requires a reversal.

During March 1974, two persons went to Hass' home, and each purchased, on separate occasions, a baggie of marijuana seeds. Both buyers were acting under the direction of the police authorities, who furnished them the purchase money, searched them prior to the purchases, and instructed them on

---

[1]NRS 453.321, subsection 2(a):

"2. Any person 21 years of age or older who sells, exchanges, barters, supplies or gives away a controlled or counterfeit substance in violation of subsection 1 classified in:

"(a) Schedule I or II, to a person who is:

"(1) Twenty-one years of age or older shall be punished by imprisonment in the state prison for not less than 1 year nor more than 20 years and may be further punished by a fine of not more than $5,000. For a second or subsequent offense, such offender shall be punished by imprisonment in the state prison for life, without possibility of parole, and may be further punished by a fine of not more than $5,000. If the offender has previously been convicted of any violation of the laws of the United States or any state, territory or district relating to a controlled substance, the term of imprisonment imposed pursuant to this subsection shall be served without benefit of probation.

"(2) Under 21 years of age shall be punished by imprisonment in the state prison for life with possibility of parole and may be further punished by a fine of not more than $5,000. Eligibility for parole begins when a minimum of 7 years has been served. For a second or subsequent offense, such offender shall be punished by imprisonment in the state prison for life without possibility of parole. If the offender has previously been convicted of any violation of laws of the United States or any state, territory, or district relating to a controlled substance, the term of imprisonment imposed pursuant to this subsection shall be served without benefit of probation."

methods of procedure. Following the second sale, Hass was arrested and these proceedings instituted.

NRS 453.321, subsection 2, *supra,* provides in part: "Any person *21 years of age or older* [emphasis added] who sells, exchanges, barters, supplies or gives away a controlled . . . substance" shall be punished as provided in said statute. While the Information charging Hass alleges he is a person over the age of 21 years, there was not a scintilla of evidence offered during his trial by the State to prove that Hass was at least 21 years of age. The missing evidence to establish this fact was contained in the post-trial, presentencing report prepared by the Department of Parole and Probation and furnished the court. It was upon the statement contained in the report that the court below predicated its finding that Hass was in fact 21 years of age or older at the time the sales were made.

The narrow issue presented for our consideration is whether the State should be required, in such cases, to prove that the defendant is 21 years of age or older, as an essential element of the crime charged. We believe the State should be so required. The requirement that guilt of a criminal charge be established by proof beyond a reasonable doubt dates at least from our early years as a nation. It is now accepted in common law jurisdictions as the measure of persuasion by which the prosecution must convince the triers of each and all the essential elements of guilt. See McCormick's Handbook of the Law of Evidence, § 341 at 798–799 (2d ed. E. Cleary 1972), and 9 J. Wigmore, Evidence § 2497 (3d ed. 1940).

As the Supreme Court of the United States said in Davis v. United States, 160 U.S. 469, 484, 493 (1895):

". . . On the contrary, he [the defendant] is entitled to an acquittal of the specific crime charged if upon all the evidence there is reasonable doubt whether he was capable in law of committing crime.

". . .

". . . No man should be deprived of his life under the forms of law unless the jurors who try him are able, upon their consciences, to say that the evidence before them . . . is sufficient to show beyond a reasonable doubt the existence of every fact necessary to constitute the crime charged."

NRS 453.321(2)(a) specifically provides that any person 21 years of age or older who sells marijuana is subject to heavy

punishment (as, in Count 1 in this case, life imprisonment). NRS 453.321(3)(a) provides that if the seller is under 21 years of age the maximum sentence for the same offense is not less than 1 year nor more than 20 years' imprisonment.[2] We conclude, therefore, that in such cases establishment of a defendant's age is essential and that it should be alleged and proved. Fundamental due process requires that the State prove beyond a reasonable doubt every necessary element of the crime charged. Cf. In re Winship, 397 U.S. 358, 364 (1970); Mullaney v. Wilbur, 421 U.S. 684 (1975).

We conclude, therefore, that the establishment of a defendant's age is essential and that it must be alleged and proved. Reversed.

---

[2]NRS 453.321, subsection 3(a):

"3.   Any person who is under 21 years of age and is convicted:

"(a) Of an offense otherwise punishable under subsection 2 shall be punished by imprisonment in the state prison for not less than 1 year nor more than 20 years, with possibility of probation."