THE STATE OF NEVADA, APPELLANT, *v.*
RAYMON WRIGHT, RESPONDENT.

No. 8928

December 30, 1976                    558 P.2d 1139

*George E. Holt,* District Attorney, and *Thomas D. Beatty,* Assistant District Attorney, Clark County, for Appellant.

*Morgan D. Harris,* Public Defender, *John P. Lukens,* Deputy Public Defender, and *John Houston,* Deputy Public Defender, Clark County, for Respondent.

*Robert List,* Attorney General, and *Patrick B. Walsh,* Deputy Attorney General, Carson City; *Larry R. Hicks,* District Attorney, and *John L. Conner,* Deputy District Attorney, Washoe County, Amici Curiae.

## OPINION

*Per Curiam:*

On October 2, 1975, Raymon Wright was indicted by the Clark County Grand Jury for the sale of a controlled substance under NRS 453.321. A motion to dismiss was later granted for the failure of the indictment to allege the defendant's age under the authority of Hass v. State, 92 Nev. 256, 548 P.2d 1367 (1976), in which we ruled that the defendant's age was an essential element of the crime of sale of a controlled substance under the statute and had to be alleged and proved.

From the dismissal the State has appealed asking this court to limit the application of Hass v. State, supra, to those cases where the prosecution seeks to augment the available punishment solely by virtue of the defendant's age.

Upon our renewed consideration we are of the opinion that Hass v. State, supra, is inappropriate, improvidently decided and should be overruled in its future application. Under NRS 453.321 defendant's age is not an essential element of the offense but only a factor that applies to the punishment in the

event of a finding that defendant is guilty of the crime of sale of a controlled substance. As such it neither need be alleged nor proved as a part of the process of deciding guilt or innocence. It is germane only to the question of punishment.

The charging portion of NRS 453.321(1) makes it illegal for *"any person* to sell, exchange, barter, supply or give away a controlled or counterfeit substance." (Emphasis added.) It is manifest that subject only to the common-law limits of legal capacity, no individual can be absolved of criminal liability because of age under NRS 453.321.[1]

After defining the conduct circumscribed as criminal in subsection 1 of the statute, subsections 2 and 3 speak exclusively

---

[1]NRS 453.321: Offenses and penalties: Prohibited acts A; penalties.

1. Except as authorized by the provisions of NRS 453.011 to 453.551, inclusive, it is unlawful for any person to sell, exchange, barter, supply or give away a controlled or counterfeit substance.

2. Any person 21 years of age or older who sells, exchanges, barters, supplies or gives away a controlled or counterfeit substance in violation of subsection 1 classified in:

(a) Schedule I or II, to a person who is:

(1) Twenty-one years of age or older shall be punished by imprisonment in the state prison for not less than 1 year nor more than 20 years and may be further punished by a fine of not more than $5,000. For a second or subsequent offense, such offender shall be punished by imprisonment in the state prison for life, without possibility of parole, and may be further punished by a fine of not more than $5,000. If the offender has previously been convicted of any violation of the laws of the United States or any state, territory or district relating to a controlled substance, the term of imprisonment imposed pursuant to this subsection shall be served without benefit of probation.

(2) Under 21 years of age shall be punished by imprisonment in the state prison for life with possibility of parole and may be further punished by a fine of not more than $5,000. Eligibility for parole begins when a minimum of 7 years has been served. For a second or subsequent offense such offender shall be punished by imprisonment in the state prison for life without possibility of parole. If the offender has previously been convicted of any violation of laws of the United States or any state, territory, or district relating to a controlled substance, the term of imprisonment imposed pursuant to this subsection shall be served without benefit of probation.

. . . .

3. Any person who is under 21 years of age and is convicted:

(a) Of an offense otherwise punishable under subsection 2 shall be punished by imprisonment in the state prison for not less than 1 year nor more than 20 years, with possibility of probation.

(b) Of a second or subsequent offense otherwise punishable under subsection 2 shall be punished as provided in subsection 2 for a second or subsequent offense and any term of imprisonment imposed shall be served without possibility of probation.

to the degrees of punishment which would apply upon a determination of guilt under subsection 1. If the seller proves to be over 21 years of age, subsection 2 applies specifically to a "violation of subsection 1." Subsection 3 similarly addresses the punishment of a seller who is under the age of 21 who stands "convicted . . . [o]f an offense otherwise punishable under subsection 2."

Being so structured the statute does not set forth two separate and distinct crimes depending upon the age of the defendant but instead one crime which is punishable differently for a convicted defendant over the age of 21 than for one under the age of 21. Since the age of a defendant under this interpretation is not an element of the crime, age therefore need not be alleged and an indictment which fails to incorporate it is not defective. It naturally follows that because age need not be alleged there is no necessity of its proof in the determination of guilt.[2]

This decision overrules Hass v. State, supra. The dismissal of the indictment herein is reversed and the case remanded for reinstatement. We commend the trial court for its judicial courage in adhering to precedent for the fault is ours and we hasten to resolve the problem reflected in this appeal.

Reversed and remanded with direction to reinstate the indictment.

---

[2]This court is aware of NRS 453.321(2)(a)(2) wherein the penalty immeasurably increases in the event the *victim* is under the age of 21. That issue is not before us. However, it would appear appropriate in such event to allege the age of the victim if the fact of age is known, at least until this court can rule upon that situation.