ARCHIE TUCKER, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 9097

April 18, 1977          562 P.2d 827

*Morgan D. Harris,* Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, Clark County, for Respondent.

# OPINION

*Per Curiam:*

On July 21, 1976, Archie Tucker was found guilty by the district court, sitting without a jury, of the sale of a controlled substance and sentenced to twenty years in prison. The evidence adduced at trial established that Tucker had flown to Las Vegas, Nevada, on July 15, 1975, and sold one ounce of heroin to an undercover federal narcotics agent.

Relying on *Hass v. State*, 92 Nev. 256, 548 P.2d 1367 (1976), Tucker contends that his conviction should be overturned because the State did not present evidence at trial that he was 21 years of age or older. This court reversed *Hass* and disposed of Tucker's contention in *Wright v. State*, 92 Nev. 734, 558 P.2d 1139 (1976).

Appellant next contends that his constitutional right of due process under the Sixth and Fourteenth Amendments of the United States Constitution has been violated. Specifically he cites the delay of eight months between the date of the alleged sale of the controlled substance and his arraignment. Tucker raised this issue in a pretrial petition for habeas corpus which was denied, and from which no appeal has been taken. By failing to avail himself of an appeal pursuant to the provisions of NRS 34.380(3),[1] appellant has waived the issued of delay. *Nix v. State*, 91 Nev. 613, 541 P.2d 1 (1975); *George v. State*, 89 Nev. 47, 505 P.2d 1217 (1973); *Oberle v. Fogliani*, 82 Nev. 428, 420 P.2d 251 (1966).

---

[1]NRS 34.380(3): "An applicant who has petitioned the district judge of a judicial district, as provided in this chapter, and whose application for such writ is denied, may appeal to the supreme court from the order and judgment of the district judge or district court refusing to grant the writ or to discharge the applicant, but such appeal shall be taken within 15 days from the day of entry of the order or judgment."

Finally, appellant contends that the trial court unlawfully enhanced his punishment pursuant to the provisions of NRS 453.321(2)(a)(1).[2]

During appellant's trial before the court, at the conclusion of the State's case-in-chief, the prosecutor offered an exemplified copy of appellant's prior conviction which was received without objection, thus his prior conviction was before the trial court at the time sentence was imposed. In the entirety of this case we perceive no error affecting appellant's substantial rights.

Affirmed.

_____

[2]NRS 453.321(2)(a)(1): "Twenty-one years of age or older shall be punished by imprisonment in the state prison for not less than 1 year nor more than 20 years and may be further punished by a fine of not more than $5,000. For a second or subsequent offense, such offender shall be punished by imprisonment in the state prison for life, without possibility of parole, and may be further punished by a fine of not more than $5,000. If the offender has previously been convicted of any violation of the laws of the United States or any state, territory or district relating to a controlled substance, the term of imprisonment imposed pursuant to this subsection shall be served without benefit of probation."