Ned George **FORMAN**,
Petitioner-Appellant,

v.

Charles L. **WOLFF**, Jr., et al.,
Respondent-Appellee.

No. 77–4030.

United States Court of Appeals,
Ninth Circuit.

Nov. 20, 1978.

Rehearing and Rehearing En Banc Denied Jan. 8, 1979.

**284**

Burton Marks (argued), Los Angeles, Cal., for petitioner-appellant.

John L. Conner, Chief Deputy Dist. Atty. (argued), Reno, Nev., for respondent-appellee.

Before DUNIWAY and CHOY, Circuit Judges, and RENFREW *, District Judge.

PER CURIAM:

Ned George Forman appeals from the federal district court's denial of habeas relief. We affirm.

I. *Statement of the Case*

On April 29, 1974, Forman pleaded guilty in Nevada state court to an information charging illegal sale of cocaine and received a sentence of fifteen years in Nevada state prison. Two years later the Nevada Supreme Court held that the statute under which Forman had been prosecuted required the prosecution to allege and prove the defendant's age as an essential element of the crime. *Hass v. State,* 92 Nev. 256, 548 P.2d 1367 (1976).

Forman then filed a petition for habeas corpus in Nevada state district court, claiming that the state had failed to allege his age in its information. The state court ordered Forman's unconditional release. The state of Nevada appealed to the Nevada Supreme Court. Noting that it overruled *Hass* that very day in *State v. Wright,* 92 Nev. 734, 558 P.2d 1139 (1976), the Nevada Supreme Court reversed the granting of habeas relief. *Warden v. Forman,* 92 Nev. 739, 558 P.2d 1141 (1976). The state district court ordered Forman remanded to custody.

Forman then filed a petition for habeas corpus under 28 U.S.C. § 2254 in federal district court, claiming that his remand into custody violated the ex post facto and double jeopardy provisions of the United States Constitution. From the district court's denial of those claims Forman appeals.

II. *Ex Post Facto Clause*

The ex post facto clause limits the powers of the legislature and does not of its own force apply to the judicial branch. *Marks v. United States,* 430 U.S. 188, 191, 97 S.Ct. 990, 51 L.Ed.2d 260 (1977). Nonetheless, the courts have recognized that the principle of fair warning underlying the ex post facto clause limits the retroactive application of judicial decisions. *Marks,* 430 U.S. at 191, 97 S.Ct. 990; *Bouie v. Columbia,* 378 U.S. 347, 350–51, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964). In *Bouie,* for example, the Supreme Court found that defendants had been denied due process when convicted under an unforeseeable interpretation of a

* The Honorable Charles B. Renfrew, United States District Judge for the Northern District of California, sitting by designation.

state trespass statute which deprived them of "the fair warning to which the Constitution entitles" them. *Id.* at 354, 84 S.Ct. at 1703.

■ Forman, by contrast, has not been punished under an unforeseeable construction which prevented fair warning. In *Wright* the Nevada Supreme Court simply reinstated the law as it had been at the time Forman was arrested. Thus, at the time he performed the illegal act, Forman had adequate warning of the prohibited conduct as defined both at that time and after *Wright.* Indeed, at the time he did the illegal deed, the only construction of which Forman was not put on notice was that enunciated in the short-lived *Hass* decision.

### III. *Double Jeopardy*

■ Our decision in *United States v. Rojas,* 554 F.2d 938 (9th Cir. 1977), belies appellant's double jeopardy contention. A jury had found Rojas guilty of the crime charged.[1] The court thereafter set aside the jury's verdict. We held that the Government could appeal the court's acquittal, noting:

> [I]t is the possibility of a second trial with its attendant "embarrassment, expense and ordeal," which the [double jeopardy] clause was designed to prevent. [Citations omitted.] This potential danger of a second trial is not present, however, in a situation such as this where the district court grants a posttrial motion for judgment of acquittal . . . and thereby sets aside the jury's verdict of guilty. In this situation, a successful government appeal will not result in the defendant's required subjection to a second trial, but rather will merely cause reinstatement of the jury's guilty verdict. Since no further factfinding proceedings will be necessary upon reversal and remand, the defendant's double jeopardy interests are not implicated by the appeal.

---

1. In *Rojas* we noted that "[t]here of course is no question that jeopardy had already 'attached' in this case at the time the jury was impaneled and sworn." 554 F.2d at 941 n. 3. We assume *arguendo* that jeopardy had attached when Forman entered his guilty plea. If

*Id.* at 941 (footnotes omitted). Finding that the district judge had erred in granting the dismissal, we remanded to the district court to reinstate the jury's verdict. *Id.* at 944.

Here too there was a resolution of guilt followed by a determination that under applicable law defendant was not guilty. In both cases this latter determination was later reversed by a higher court. Thus *Rojas* compels the conclusion that the Nevada Supreme Court's reversal of the grant of habeas relief did not violate the double jeopardy protection of the United States Constitution.

AFFIRMED.

---

it did not, Forman's double jeopardy interests would of course not be implicated. *Compare Bell v. Wainright,* 476 F.2d 964, 965 (5th Cir.), *cert. denied,* 414 U.S. 1000, 94 S.Ct. 352, 38 L.Ed.2d 235 (1973) *with United States v. Jerry,* 487 F.2d 600, 606 (3rd Cir. 1973).