PER CURIAM.
The motion of respondent to consolidate these cases is granted. Petitioners in both cases were charged with the same crime and were brought on for jury trial before the same court on the same date to be heard by the same trial jury. Petitioners in both cases seek writs of prohibition alleging that they were not brought to trial within 180 days from the date of their arrest in violation of Fla.R.Crim.P. 3.191, the speedy trial rule. Petitioners were first taken into custody on charges of trafficking in stolen property, a felony, on February 2, 1979. The final date for commencing trial under the foregoing rule was August 1, 1979. On July 9, 1979, within the period allowed by the rule, a jury venire for the specific trial of petitioners was seated in the jury box and voir dire examination was started. Before a trial jury could be empaneled, however, the entire venire was exhausted due to the challenges both by the state and defense attorneys. The trial judge then set the trial over until September 4, 1979, and excused five jurors who were seated in the jury box. On August 15, 1979, petitioners’ *MLX motion for discharge pursuant to the aforesaid rule was denied.
The only question before us on the petitions for writs of prohibition is whether or not the trial was begun within the 180-day period allowed by the rule. The Supreme Court settled this question in Moore v. State, 368 So.2d 1291 (Fla.1979), ruling as follows:
“ . . .In accordance with our decision in Stuart, [v. State, 360 So.2d 406, Fla.1978] we hold that under Rule of Criminal Procedure 3.191(a)(3) a trial commences when a jury panel is sworn for voir dire in a specific trial. . . . ”
While it would have been better practice for the trial court to instruct the five jurors who had been seated in the box to return on the date to which the trial was set over, we find no abuse of discretion insofar as the speedy trial rule is concerned in his excusing them and beginning anew with the selection process with a new venire on the date to which the trial was set over.
The petitions for writs of prohibition are denied.
McCORD, Acting C. J., and ROBERT P. SMITH, Jr. and SHIVERS, JJ., concur.