PER CURIAM.
This cause is before us on petition for a writ of prohibition to prevent, on grounds of double jeopardy, petitioner’s trial of the offense of shooting into an occupied vehicle. Petitioner pleaded not guilty to the information charging that offense, requested trial by jury and a jury was selected and sworn. Thereafter, a motion to dismiss was filed alleging that the information was fatally defective, citing Hamilton v. State, 30 Fla. 229, 11 So. 523 (1892). The trial judge granted the motion to dismiss and released the jury. Counsel for the State filed an amended information worded exactly the same as the original information. Counsel for petitioner again moved to dismiss on the same grounds as his previous motion and also on the grounds that jeopardy had attached and precluded trial. The State argued that Shumake v. State, 90 Fla. 133, 105 So. 314 (1925) appeared to reach an opposite conclusion to that reached by the court in Hamilton v. State, supra. The trial judge denied the motion to dismiss and the cause was set for trial.
Jeopardy attaches when a criminal trial commences before a jury, United States v. Spinella, 506 F.2d 426 (5th Cir. 1975), rehearing denied 515 F.2d 510 (5th Cir. 1976), cert. denied 423 U.S. 917, 96 S.Ct. 227, 46 L.Ed.2d 147 (1976), and a trial before a jury commences when the jury has been selected and sworn, Bell v. Wainwright, 476 F.2d 964 (5th Cir. 1973), cert. *235 denied 414 U.S. 1000, 94 S.Ct. 352, 38 L.Ed.2d 235 (1973).
Accordingly, petition for writ of prohibition is GRANTED and petitioner is forever discharged of the offense charged.
McCORD, Acting C. J., and BOOTH and LARRY G. SMITH, JJ., concur.