392 So.2d 297 (1980)
STATE of Florida, Appellant,
v.
Rudolph Stephen VUKOJEVICH, Appellee.
No. 80-1050.
District Court of Appeal of Florida, Second District.
December 12, 1980.
Rehearing Denied January 13, 1981.
Jim Smith, Atty. Gen., Tallahassee and G.P. Waldbart, Asst. Atty. Gen., Tampa, for appellant.
Jack O. Johnson, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Bartow, for appellee.
RYDER, Judge.
The State appeals from the discharge of Rudolph Stephen Vukojevich pursuant to Florida Rule of Criminal Procedure 3.191. We reverse.
The Charlotte County Sheriff's Department arrested appellee on July 19, 1979. The State filed an indictment charging first degree murder on July 30, 1979. Appellee moved for a change of venue on October 17, 1979, and the court denied the motion subject to trying to select a Charlotte County *298 jury. The court, after several delays charged to the State, set trial for January 2, 1980.
After voir dire had been initiated on January 2, and after several prospective jurors had been discharged for cause, the State withdrew its objection to venue change and the appellee renewed his motion for change of venue. The court granted the motion and reset the case for trial on January 21, 1980 but in Collier County. On January 11, appellee moved for discharge noting that 180 days had passed since his arrest. Appellee also filed a motion for continuance on January 18. At hearing on January 21, the court denied the motion for discharge, finding that exceptional circumstances required a change of venue. Citing the need for further discovery, appellee then pursued his motion for continuance and agreed that the delay would be charged to him. The court set trial for June 10 in Hendry County. The record reflects that extensive discovery and motion practices followed.
During voir dire on June 10, appellee again moved for discharge. The court granted discharge, asserting that the State had had two weeks within which to try appellee after the change of venue, and was prevented from doing so only by a crowded trial docket. The court alternately observed that appellee should have been brought to trial within 90 days from the grant of his motion for continuance on January 21.
Rule of Criminal Procedure 3.191 requires that the State bring an accused to trial within 180 days of taking him into custody on a felony charge. The rule specifically provides that a person is deemed to have been brought to trial when trial commences by the swearing of a jury panel for voir dire examination. Fla.R.Crim.P. 3.191(a)(3). Since the voir dire examination of prospective jurors began on January 2, 1980 below, appellee was brought to trial within 180 days for the purpose of the rule. Moore v. State, 368 So.2d 1291 (Fla. 1979); Stuart v. State, 360 So.2d 406 (Fla. 1979); State ex rel. Capibianco v. Green, 377 So.2d 979 (Fla. 1st DCA 1979).
We hold that the granting of appellee's motion for change of venue at that time to be equivalent to a mistrial, which gave the State 90 days within which to retry appellee. The court properly set trial for January 21, and properly denied the motion for discharge filed on January 16. Appellee then moved for continuance and this had the effect of eliminating the 90-day requirement. When the continuance was granted, the time limits set forth in the rule became inapplicable, and speedy trial requirements become determined in the light of individual circumstances as a matter of judicial discretion. Butterworth v. Fluellen, 389 So.2d 968 (Fla. 1980), quoting State ex rel. Butler v. Cullen, 253 So.2d 861 (Fla. 1971).
We hold that the trial beginning on June 10 was thus permitted by the rule, and appellee was not entitled to discharge. We note that appellee could still have demanded speedy trial within 60 days under the provision of Florida Rule of Criminal Procedure 3.191(a)(2), but failed to do so.
The order of discharge is reversed and the case remanded for further proceedings.
REVERSED and REMANDED.
SCHEB, C.J., and CAMPBELL, J., concur.