546 So.2d 1187 (1989)
Brent LOY, Appellant,
v.
Albert LEONE, Sr. and Albert Leone, Jr., Appellees.
No. 88-684.
District Court of Appeal of Florida, Fifth District.
August 3, 1989.
Gus R. Benitez, of Benitez & Butcher, P.A., Orlando, for appellant.
Susan W. Tolbert, of Smalbein, Johnson, Rosier, Bussey, Rooney & Ebbetts, P.A., Orlando, for appellees.

ON MOTION FOR REHEARING EN BANC
SHARP, Judge.
We grant the motion for rehearing en banc, withdraw the prior opinion, and substitute therefor the following opinion.
Loy appeals from an amended final judgment which awarded him $4,767.86 in damages arising out of an automobile accident, but deducted $860.00 in costs incurred by the defendants, the Leones, pursuant to the offer of judgment Florida Rule of Civil *1188 Procedure 1.442.[1] The issues on appeal are the timeliness of the Leones' offer of judgment and the effect of commencing the jury selection process without preserving the status of the offer of judgment by stipulation or other means, on a day prior to the running of the "more than ten day" period specified by the rule. We reverse the setoff of costs against Loy.
The record establishes that the trial was set to commence on January 28, 1988. On January 15, 1988, the Leones mailed to Loy a $5,000 offer of judgment, which included costs and liens. Under rule 1.442, this offer was timely proffered because the rule makes no distinction between hand delivery or delivery by mail. Cheek v. McGowan Electric Supply Co., 511 So.2d 977, 982 (Fla. 1987).
Although the trial was set to begin January 28th, at the request of the trial judge, the parties picked the jury on January 25th. In our view, the selection and swearing in of the jurors on January 25th was the "commencement of the trial" under Florida law. It is well established that a criminal case commences with the selection and swearing of the jury. Moore v. State, 368 So.2d 1291 (Fla. 1979); McDermott v. State, 383 So.2d 712 (Fla. 3d DCA 1980); Brannan v. State, 383 So.2d 234 (Fla. 1st DCA 1979); State ex rel. Capibianco v. Green, 377 So.2d 979, 980 (Fla. 1st DCA 1979), cert. denied, 388 So.2d 1110 (Fla. 1980). There is no logical reason to formulate a different rule for civil cases. It has been held in other states that the trial of a jury case commences when a jury panel is selected and sworn. Alpha Crane Service, Inc. v. Capitol Crane Co., 6 Conn. App. 60, 504 A.2d 1376, 1382 (Conn.Ct. App.), cert. denied, 199 Conn. 807, 508 A.2d 769 (Conn. 1986). See generally Kaoru Kodota v. City and County of San Francisco, 166 Cal. App.2d 194, 333 P.2d 75 (Cal.Ct. App. 1958); Wilhite v. Agbayani, 2 Ill. App.2d 29, 118 N.E.2d 440 (Ill. App.Ct. 1954). But see Greenwood v. Stevenson, 88 F.R.D. 225 (D.R.I. 1980), (trial begins when trial judge calls proceedings to order and actually commences hearing case).
Rule 1.442 contains two "critical" time periods. First, the offer must be made more than 10 days before trial. Second, the offeree must have ten days after service of the offer in which to accept it.
These time requirements operate to ensure that an offeree has an adequate time after service and before trial commences to consider the offer... . A requirement that all offers of judgment ... must be served more than ten days prior to the trial to be considered timely under rule 1.442 ensures that an offeree who may ultimately be taxed costs for his failure to accept has adequate time to consider an offer.
Cheek at 981.
In this case, the trial resulted in a judgment in Loy's favor of $4,200. It was a lesser amount than the offer. Therefore, if the offer was timely and applicable under rule 1.442, Loy had to pay all of the Leones' costs incurred after January 28, 1988 ($1,360) and he was only entitled to recover $567.86 of his own costs, which were incurred prior to that date.
Only if one takes the view that this offer was timely because mailed more than ten days before the trial was originally set, can this offer be deemed to be "timely." But, the rule does not say anything about when the trial was set. It expressly turns on the *1189 more than ten day time period before "the trial begins."
Admittedly, the rather unique facts here do not fit squarely within rule 1.442. It appears to us that the thrust of rule 1.442 is to sanction a party who does not timely accept a settlement offer made prior to trial by shifting payment and recovery of costs incurred after the offer is made. Cheek. It is, in effect, a punitive measure and therefore should be construed in favor of the party to be sanctioned. See generally Collins v. Holland, 409 So.2d 1097, 1099 (Fla. 3d DCA 1982). But for rule 1.442, Loy would not be liable for any of the Leones' costs, and he would be entitled to recover his own in full.
The Leones' offer was timely when originally made. However, when they participated in the commencement of the trial on January 25th without any reservation of their rights under rule 1.442, they in effect waived those rights. Thus, rule 1.442 should have played no part in this judgment. We reverse the judgment and remand for an award of costs to Loy consistent with this opinion.
REVERSED and REMANDED.
DANIEL, CJ., and ORFINGER, COBB and GOSHORN, JJ., concur.
DAUKSCH, J., dissents with opinion.
COWART, J., dissents without opinion.
DAUKSCH, Judge, dissenting.
I dissent for the reasons expressed in the original opinion issued in this case which is set out in full below.
This is an appeal from a cost judgment in a personal injury suit.
Florida Rule of Civil Procedure 1.442 provides that if a defendant offers a claimant an amount, in judgment, in excess of the amount the claimant ultimately obtains by judgment that the claimant must pay all of the defendant's costs incurred after the offer, if the claimant does not timely accept the offer.[1]
Here the defendant made a timely offer of judgment and before the time for acceptance had run the trial, by agreement of the parties, began. The trial was scheduled to begin on January 28th but the parties agreed to select the jury on the 25th. January 25th was slightly before the running of the time for acceptance; January 28th slightly afterwards.
The question is whether the claimant by agreeing to go to trial before the expiration of the time for acceptance of the offer of judgment thus rejected the offer. We say yes. In criminal cases, for jeopardy purposes, it is the rule that a trial begins when the jury is selected or, if it is a non-jury case, when the first witness is sworn. Moore v. State, 368 So.2d 1291 (Fla. 1979); McDermott v. State, 383 So.2d 712 (Fla. 3d DCA 1980); Brannan v. State, 383 So.2d 234 (Fla. 1st DCA 1979); State ex rel. Capibianco v. Green, 377 So.2d 979, 980 (Fla. 1st DCA 1979), cert. denied, 388 So.2d 1110 (Fla. 1980). We can discern no reasons why the same rule should not apply in civil cases. Such is the rule in other states. Alpha Crane Service, Inc. v. Capitol Crane Co., 6 Conn. App. 60, 504 A.2d 1376, 1382 (Conn.Ct.App.), cert. den., 199 Conn. 808, 508 A.2d 769 (Conn. 1986). See generally Kaoru Kodota v. City and County of San Francisco, 166 Cal. App.2d 194, 333 P.2d 75, 75-76 (Cal. *1190 Ct.App. 1958); Wilhite v. Agbayani, 2 Ill. App.2d 29, 118 N.E.2d 440, 441-42 (Ill. App.Ct. 1954). But see Greenwood v. Stevenson, 88 F.R.D. 225 (D.R.I. 1980).
So, if a timely offer of judgment is made and not accepted before the swearing of the jury at trial it is deemed rejected and the claimant must pay the defendant's costs incurred after the making of the offer.
I would affirm. Additionally, because this court determined this case to be of sufficient importance to reverse the decision of the original panel and because appellant urges this is of sufficient importance to certify the question to the supreme court, I would do so.
NOTES
[1] Rule 1.442 provides:

Offer of Judgment.
At any time more than ten days before the trial begins a party defending against a claim may serve an offer on the adverse party to allow judgment to be taken against him for the money or property or to the effect specified in his offer with costs then accrued. An offer of judgment shall not be filed unless accepted or until final judgment is rendered. If the adverse party serves written notice that the offer is accepted within ten days after service of it, either party may then file the offer and notice of acceptance with proof of service and thereupon the court shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence of it is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the adverse party is not more favorable than the offer, he must pay the costs incurred after the making of the offer. [emphasis supplied].
[1] Rule 1.442 provides:

Offer of Judgment.
At any time more than ten days before the trial begins a party defending against a claim may serve an offer on the adverse party to allow judgment to be taken against him for the money or property or to the effect specified in his offer with costs then accrued. An offer of judgment shall not be filed unless accepted or until final judgment is rendered. If the adverse party serves written notice that the offer is accepted within ten days after service of it, either party may then file the offer and notice of acceptance with proof of service and thereupon the court shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence of it is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the adverse party is not more favorable than the offer, he must pay the costs incurred after the making of the offer.