ROBERT ALAN SLOBODIAN, Appellant, v. THE STATE
OF NEVADA, Respondent.

No. 20848

March 28, 1991 808 P.2d 2

*Momot & Tidwell,* Las Vegas, for Appellant.

*Frankie Sue Del Papa,* Attorney General; *Rex Bell,* District
Attorney, *James Tufteland,* Deputy District Attorney, *Don
Chairez,* Deputy District Attorney, Clark County, for Respond-
ent.

## OPINION

*Per Curiam:*

This is an appeal from a judgment of conviction pursuant to a
jury verdict of two counts of statutory sexual seduction. Appel-
lant contends that Count V of which he was convicted failed to
state a crime. Appellant further contends that all the elements of
statutory sexual seduction were not proven by the prosecution.

Appellant Robert Alan Slobodian was accused of sexually assaulting a fifteen-year-old runaway girl, on or about May 3, 1987. Slobodian gave the girl a ride to his apartment complex as a favor for some mutual friends that she was going to see. The girl went to Slobodian's apartment to help Slobodian get some things needed to have a barbecue with their friends. While the girl drank a wine-cooler, the two discussed the making of a movie about a sixteen-year-old girl who had sexual relations with her stepfather.

The girl testified that she was then held in the apartment against her will for more than seven hours. During these hours Slobodian allegedly assaulted her four separate times. The girl testified that Slobodian removed her clothes and rubbed lubricant on her vagina, penetrating her vagina with his finger. Slobodian then allegedly inserted a dildo into the girl's vagina, moving it in and out. She also testified that Slobodian inserted a warm curling iron into her vagina. Finally the girl testified that Slobodian put his penis in her mouth against her will. She testified that all these acts were done against her will and that each time she tried to scream or resist Slobodian would hit or choke her.

After a jury trial on four counts of sexual assault and four counts of statutory sexual seduction, Slobodian was found not guilty of all four counts of sexual assault and two counts of statutory sexual seduction. Slobodian was found guilty of counts V and VIII, both for statutory sexual seduction.

To be convicted of statutory sexual seduction[1] one must have engaged in one of four specifically described sexual acts, namely, "ordinary sexual intercourse, anal intercourse, cunnilingus, or fellatio." Count V charges a sexual act other than the four specified in the statute, namely, digital penetration of the girl's vagina. Why the legislature limited the crime of sexual seduction to the four sexual acts set forth in the statute is not clear. What is clear is that Slobodian committed none of the four and that he cannot, therefore, be convicted for violation of this statute for digital penetration, and the Count V conviction must be vacated.

With regard to the Count VIII conviction of sexual seduction, there is a failure to prove an essential statutory element. There are three elements of the offense of statutory sexual seduction:

---

[1]NRS 200.364(3) provides:

 3. "Statutory sexual seduction" means ordinary sexual intercourse, anal intercourse, cunnilingus or fellatio committed by a person 18 years of age or older with a consenting person under the age of 16 years.

1. Commission of one of the four sexual acts mentioned.
2. The act must be committed "with a consenting person."
3. The consenting person must be "under the age of 16 years."

The second listed element, "with a consenting person," was not and could not have been proven in this case. Throughout the preliminary examination and at trial, it was always the position of the state's attorney and of the complaining witness that the girl had been raped, that she was forcibly assaulted and forced to submit to sexual penetration. The victim testified repeatedly that she did not consent to the acts and that when she told Slobodian "no" he choked her with his hands. Absolutely no evidence was presented at trial by either side which would tend to show that the victim consented to the acts.

NRS 200.364 clearly calls for the act to have been committed on a "consenting person." Based upon a plain reading of the statute, consent of the victim is a necessary element of the crime of statutory sexual seduction which must be proven by the prosecution.[2] It is well settled that in order to obtain a conviction the

---

[2]Prior to 1967, the statutory rape law (the predecessor to statutory sexual seduction) in Nevada did not call for a consenting victim. Prior to 1967, NRS 200.360 included in the definition of rape the following:

> Any person of the age of 16 years or upwards who shall have carnal knowledge of any female child under the age of 18 years, *either with or without her consent,* shall be adjudged guilty of rape and punished as before provided.

(Emphasis added.)

Traditionally statutory rape was treated as any rape and the consent of the victim was irrelevant. If the victim was under the mandated age the act was rape regardless of consent. In 1967, the legislature adopted a specific definition of statutory rape which included the phrase, "with her consent." This language of consent was subsequently continued in the current statute which was adopted in 1977 ("consenting person").

It is presumed that the legislature believed that the language of consent did not pose a problem because if the victim did not consent, the perpetrator would be guilty of sexual assault which contains no language of consent and applies to any victim regardless of age. Unfortunately, a problem is created when it appears there is no consent, but the issue is not entirely clear.

Had it not been for the described statutory change, Slobodian could have been convicted of statutory rape, whether the girl had consented or not. Under the present statutory scheme, however, a charge of forcible, nonconsensual sexual assault is incompatible with a charge of non-forcible consensual statutory sexual seduction. The prosecution, understandably, relied on the statement of the victim in this case and pursued the charges on the basis of forcible rape. The state cannot pursue this course and then expect the accused to answer to charges which are based on consent rather than forcible sexual activity.

prosecution must prove every element of the crime charged beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979), *reh'g denied*, 444 U.S. 890 (1980); Hass v. State, 92 Nev. 256, 548 P.2d 1367 (1976); State v. Lima, 643 P.2d 536 (Haw. 1982); State v. Gratzer, 682 P.2d 141 (Mont. 1984); State v. Chouinard, 634 P.2d 680 (N.M. 1981).

In the case at bar the prosecution failed to produce any evidence which tended to show consent on the part of the victim; to the contrary, the prosecution vigorously argued that the acts were performed against the victim's will and that she did not consent in any manner. Accordingly, we conclude that evidence of a specific element of the crime of statutory sexual seduction was not presented. We therefore reverse the defendant's convictions under both Count V and Count VIII.

MOWBRAY, C. J., dissenting:

Respectfully, I dissent.

Appellant Slobodian was convicted on two counts of statutory sexual seduction. *See* NRS 200.364(3); NRS 200.368. Slobodian was thirty-nine years old when he seduced a fifteen-year-old female to engage in various sexual activities with him. The appellant's convictions should be affirmed.

### COUNT V, SEXUAL SEDUCTION

First, the majority reasons that Slobodian's conviction in Count V cannot stand because the digital penetration alleged in that count is not one of the specifically enumerated sexual acts in the statutory definition of "sexual seduction." The provisions of NRS 200.364 state in relevant part:

> As used in NRS 200.366 to 200.368, *unless the context otherwise requires:*
>
> . . . .
> 3. "Statutory sexual seduction" means ordinary sexual intercourse, anal intercourse, cunnilingus or fellatio committed by a person 18 years of age or older with a consenting person under the age of 16 years.

(Emphasis added.)

It is clear that our statutory sexual seduction statutes were enacted to protect adolescents who, because of their immature minds and developing bodies, are susceptible to the sexual abuse and advances of sophisticated adults. *See* NRS 200.364; NRS 200.368. The introductory phrase in NRS 200.364, "unless the context otherwise requires," literally invites this court to interpret these statutes in a manner that effectuates their intended purpose. The majority's opinion, however, does not do this.

The purpose of NRS 200.364(3) is substantially negated, and the introduction to this statute is rendered absolutely meaningless unless "sexual seduction" is defined to include any carnal penetration of a victim's vagina or anus. The simple logic of such a construction is enough to provide notice of the crime. Further, this is the only definition of "sexual seduction" that is legally and morally acceptable. Otherwise, individuals like Slobodian will be able to effectuate their designs upon a willing but immature adolescent, without fear of recourse or punishment, so long as their iniquitous behavior remains outside the confines of the narrow definitions of sexual seduction proposed by the majority opinion.

Therefore, I must object to a construction of statutory sexual seduction that makes it legally acceptable for a thirty-nine-year-old man to take advantage of a consenting fifteen-year-old girl by invading her vagina or anus with any number of body appendages, foreign objects, or mechanical devices, including a finger, a curling iron, or a dildo. This is not the result intended by our legislature.

Slobodian has demonstrated his propensity to exploit an immature and vulnerable female for his self-gratification. The facts, context, and circumstances surrounding Slobodian's profane activities mandate a logical definition of "sexual seduction" consistent with the intended purpose and meaning of NRS 200.364(3). The appellant must be punished for his predatory crimes against adolescents.

## COUNT VIII, SEXUAL SEDUCTION

Further, this court has repeatedly held that it is for the jury to determine the weight and credibility assigned to conflicting testimony. *See* Bolden v. State, 97 Nev. 71, 624 P.2d 20 (1981); *see also* Stewart v. State, 94 Nev. 378, 580 P.2d 473 (1978); Porter v. State, 94 Nev. 142, 576 P.2d 275 (1978); Hankins v. State, 91 Nev. 477, 538 P.2d 167 (1975). The jury in this case concluded that Slobodian was guilty of seducing a fifteen-year-old female to engage in sexual activities in violation of our criminal code. Now the majority elects to overturn Slobodian's conviction under Count VIII because the victim asserted at trial that she did not consent to have sex with appellant. Respectfully, I disagree with the majority's position on this issue as well.

There is sufficient evidence in the record to support the jury's conclusion that Slobodian and the victim engaged in sexual activities. The victim testified that while she was in Slobodian's apartment, Slobodian told her to take off her clothes. Thereafter, the victim told the jury how Slobodian had penetrated her vagina

with his finger, a dildo, and a curling iron. The victim also told the jury that Slobodian put his penis into her mouth.

Once the jury concluded that the appellant and the victim had sexual relations, the only remaining issue was consent: the victim either consented to have sex with the appellant or she did not. The jury evaluated conflicting evidence, weighed the testimony given at trial, and concluded that the victim was a willing participant in either all or some of the activities described. There is substantial evidence in the record to support this conclusion beyond a reasonable doubt: the victim was a runaway who had been living with older men before she met Slobodian; she told the jury that Slobodian gave her $900.00 to engage in sex with him; she also testified that she had talked for ten minutes on the telephone with an unknown man during an interval between her sexual activities with appellant, yet she did not tell this unknown individual she was being sexually assaulted; her sexual encounters with the appellant took place in Slobodian's apartment over a period of eight to nine hours, while the two drank alcohol and talked about the creation of a sexually explicit movie; the victim did not immediately report these sexual activities to law enforcement officials, and when she was picked up as a runaway, her allegation of forcible assault seemed to be an afterthought.

The jury watched the victim testify, heard her words and the inflections of her voice, and were able to draw inferences from her statements, actions, and all the evidence introduced by the State at trial. The jury weighed the victim's credibility through her words and emotional responses, and they concluded that the victim had willingly engaged in sexual relations with the appellant.

Again, either the victim agreed to have sex with the appellant or she was forcibly assaulted. There is no middle ground, no other available alternatives. The jury was asked to decide between assault and consent. They did. Their decision should be affirmed by this court.

Accordingly, I must dissent.