Argued May 4, affirmed May 17, petition for rehearing
denied June 13, 1967

STATE OF OREGON, *Respondent, v.*
GERALD SIKES, *Appellant.*

427 P. 2d 756

*Richard W. Hill,* Portland, argued the cause and filed a brief for appellant.

*Jacob B. Tanzer,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before PERRY, Chief Justice, and McALLISTER,

Sloan, O'Connell, Goodwin, Denecke and Lusk, Justices.

McALLISTER, J.

The defendant appeals from a 12-year penitentiary sentence imposed in Multnomah county after he was convicted by a jury of the crime of rape.

The defendant's first contention that the trial court erred in admitting evidence of a related crime is wholly without merit. The defendant forced the victim into his car, drove to a secluded spot and by violence and threats of violence forced her to perform oral sodomy on him. Thereafter, defendant fearing discovery because of the screams of his victim, drove to a more secluded spot where he forcibly raped the victim. At the place where the first episode occurred the police found on the following day the victim's purse, with its contents scattered about and a pay envelope addressed to defendant which had fallen from his car. The controlling rule is stated in *State v. Weitzel,* 157 Or 334, 344, 69 P2d 958 (1937), as follows:

> "* * * The law is well settled that, when several criminal acts are so connected with the defendant, with respect to time and locality, that they form an inseparable transaction, and a complete account of the offense charged in the indictment cannot be given without detailing the particulars of such other acts, evidence of the entire transaction is admissible, even though it may disclose the commission of another crime: State v. Bailey, 90 Or. 627 (178 P. 201); State v. Gillis, 154 Or 232 (59 P. (2d) 679)."

█ In *State v. Long,* 195 Or 81, 113, 244 P2d 1033 (1952), we quoted with approval the following from Underhill's Criminal Evidence, (4th ed) § 182:

> "If several crimes are intermixed, or blended

with one another, or connected so that they form an indivisible criminal transaction, and full proof by testimony, whether direct or circumstantial, of any one of them can not be given without showing the others, evidence of any or all of them is admissible against a defendant on trial for any offense which is itself a detail of the whole criminal scheme. * * *"

In the case at bar the defendant's attack on his victim was an "indivisible criminal transaction" and the court did not err in admitting testimony concerning the entire transaction.

■ In his other assignment of error defendant complains because the court did not of its own motion examine a juror who was seen by defendant's counsel during a recess entering a converted hallway used as an anteroom of the district attorney's office. It appears from the colloquy between the court and counsel that the area in question contained a cigarette machine and a stairway leading to the floor below where a jurors' waiting room was located. The court pointed out that the juror could have gone into the area to buy a pack of cigarettes, or could have traversed the area on her way downstairs to the jury room. After some colloquy the court advised defendant's counsel that he intended to take no action "unless you insist on her being called out?" Defendant's counsel replied "I was just drawing it to the court's attention." There was no request for further investigation or action by the court, and no objection made or exception taken. The trial court was familiar with the layout of the area which was adjacent to his courtroom and was apparently used jointly as a waiting room for the offices of the district attorney and as a passage by court attaches and jurors. Whether the conduct of the juror required further in-

vestigation or action was within the discretion of the trial court. *State v. Hedrick,* 233 Or 131, 134, 377 P2d 323 (1962); *State v. Paquin,* 229 Or 555, 568, 368 P2d 85 (1962); *State v. Roden,* 216 Or 369, 372, 339 P2d 438 (1959). There is no indication of abuse of discretion.

We have carefully reviewed the record and find no error. The judgment is affirmed.