STATE OF NORTH CAROLINA v. DAVID WALLACE CHANCE

No. 6818SC449

(Filed 15 January 1969)

**1. Crime Against Nature § 1—   elements of the crime**

The crime against nature is sexual intercourse contrary to the order of nature and includes acts with animals and acts between humans *per anum* and *per os.*

**2. Crime Against Nature § 1—   necessity for penetration**

Proof of penetration of or by the sexual organ is essential to conviction of crime against nature.

**3. Crime Against Nature § 1—   G.S. 14-177; G.S. 14-202.1**

G.S. 14-177 condemns crimes against nature whether committed against adults or children; G.S. 14-202.1 condemns those offenses of an unnatural sexual nature against children under 16 years of age by persons over 16 years of age which cannot be reached and punished under the provisions of G.S. 14-177.

**4. Criminal Law § 115—   submission of lesser degrees of the crime**

There is no necessity for instructing the jury as to an included crime of lesser degree than that charged if the State's evidence tends to show the crime alleged in the bill of indictment was completed and there is no conflicting evidence relating to the elements of the crime charged.

**5. Criminal Law § 3—   attempt to commit crime**

An attempt to commit a crime is an overt act in partial execution of the crime which falls short of actual commission but which goes beyond mere preparation to commit.

**6. Crime Against Nature § 2— failure to submit question of attempt to commit the crime**

In this prosecution for a crime against nature *per os* in violation of G.S. 14-177, the court did not err in failing to charge the jury that they could find defendant guilty of an attempt to commit a crime against nature where all of the State's evidence tended to show the act alleged in the bill of indictment was completed, and there was no evidence by the State or by defendant of an attempted act which fell short of the completed offense.

**7. Crime Against Nature § 2— instructions — lesser degrees — taking indecent liberties with children**

In this prosecution of a 26 year old male for a crime against nature committed against a 13 year old boy in violation of G.S. 14-177, where, in view of the evidence, it was unnecessary for the court to instruct the jury as to lesser included degrees of the crime charged, the question does not arise as to whether the crime of taking indecent liberties with children in violation of G.S. 14-202.1 is a lesser included offense of the crime against nature.

APPEAL by defendant from *Fountain, J.,* 25 March 1968 Criminal Session of Superior Court of GUILFORD County.

Defendant was tried on a proper bill of indictment in which it was alleged, among other things, that on 29 April 1967 the defendant "unlawfully, wilfully and feloniously did commit the abominable and detestable crime against nature with Bennie Max Hargett, Jr., a minor, age 13 years, by taking the private parts of the said Bennie Max Hargett, Jr., in his mouth, in violation of the General Statutes of North Carolina, Chapter 14, Section 177 . . ."

Upon arraignment, the defendant pleaded not guilty. Trial was by jury. Verdict was guilty as charged. Upon the coming in of the verdict, the defendant moved that the jury be polled. Upon polling the jury, each juror answered that the defendant was guilty as charged and that the juror still assented to the bringing in of such verdict.

From a judgment of imprisonment, the defendant appealed, assigning error.

*Attorney General T. W. Bruton and Deputy Attorney General James F. Bullock for the State.*

*Lawrence Egerton, Jr., James B. Rivenbark, and James R. Nance for defendant appellant.*

STATE *v.* CHANCE

MALLARD, C.J.

**[1, 2]**   G.S. 14-177 reads, "If any person shall commit the crime against nature, with mankind or beast, he shall be guilty of a felony, and shall be fined or imprisoned in the discretion of the court."

> "The crime against nature is sexual intercourse contrary to the order of nature. It includes acts with animals and acts between humans *per anum* and *per os.*" *State v. Harward,* 264 N.C. 746, 142 S.E. 2d 691.

> "Proof of penetration of or by the sexual organ is essential to conviction." *State v. Whittemore,* 255 N.C. 583, 122 S.E. 2d 396.

Defendant sets out five assignments of error in the record but does not mention any of them in his brief. However, defendant in his brief does argue the substance of the first four. The defendant asserts, in substance, that these four assignments present the following two questions:

1.   Did the trial court err by failing to charge that under this bill of indictment and the evidence in this case the defendant could be convicted of the crime of taking indecent liberties with children in violation of G.S. 14-202.1?

2.   Did the trial court err in failing to charge the jury that under the evidence in this case the defendant could be convicted of attempting to commit the crime against nature?

The court instructed the jury that they could return one of two verdicts, guilty as charged in the bill of indictment of the crime against nature or not guilty.

**[3]**   In *State v. Lance,* 244 N.C. 455, 94 S.E. 2d 335, the the Supreme Court said:

> "The two acts are complementary rather than repugnant or inconsistent. G.S. 14-177 condemns crimes against nature whether committed against adults or children. G.S. 14-202.1 condemns those offenses of an unnatural sexual nature against children under 16 years of age by persons over 16 years of age *which cannot be reached and punished under the provisions of G.S. 14-177.* G.S. 14-202.1, of course, condemns other acts against children than unnatural sexual acts. The two statutes can be reconciled, and both declared to be operative without repugnance." (emphasis added)

In the case before us the State offered evidence which, in substance, tended to show that on 29 April 1967 Bennie Max Hargett,

Jr., (Bennie) was a minor, 13 years of age. While he was in the Carolina Theatre in Greensboro that afternoon, the defendant, 26 years of age, came in and sat down beside him. Defendant began to fondle Bennie. Bennie asked defendant how much he would give him, and "started out at twenty-five dollars and worked down to five dollars." Defendant told Bennie to go upstairs to the men's rest room, which he did. The defendant followed and there in one of the stalls, the defendant committed the act described in the bill of indictment in the manner therein described. The defendant then gave Bennie one dollar and fifty cents. Shortly thereafter, Bennie called the police and related what had occurred. The defendant was arrested.

The defendant offered evidence which, in substance, tended to show that on the date in question he went to the Carolina Theatre in Greensboro. He also went to the rest room. That he did not fondle Bennie, that he did not commit the act described in the bill of indictment, and that he is not guilty of the crime charged.

[4]    In *State v. Hicks*, 241 N.C. 156, 84 S.E. 2d 545, Justice Bobbitt, speaking for the Court, said:

> "The distinction is this: The necessity for instructing the jury as to an included crime of lesser degree than that charged arises when and only when there is evidence from which the jury could find that such included crime of lesser degree was committed. The *presence of such evidence* is the determinative factor. Hence, there is no such necessity if the State's evidence tends to show a completed robbery and there is *no conflicting evidence* relating to elements of the crime charged. Mere contentions that the jury might accept the State's evidence in part and might reject it in part will not suffice."

[5-7]    In the instant case the State's evidence tended to show that the act alleged in the bill of indictment was completed. There is no evidence either by the State or by the defendant of an attempted act which fell short of the completed offense. An attempt to commit a crime is an overt act in partial execution of the crime which falls short of actual commission but which goes beyond mere preparation to commit. *State v. Parker*, 224 N.C. 524, 31 S.E. 2d 531. The State's evidence showed the completed offense prohibited by G.S. 14-177. What occurred in the theatre before going to the rest room was but a component of the single act of the crime against nature *per os* which the jury found was consummated. There is no conflicting evidence relating to the elements of the crime charged. If the State's evidence is not believed and the crime against nature was not com-

mitted, there is no evidence of the commission of any other crime or an attempt to commit any crime. In view of the evidence in this case, the question does not arise as to whether G.S. 14-202.1 is a lesser included offense of the crime against nature. We are of the opinion that under the evidence in this case the court correctly limited the verdicts of the jury to guilty as charged or not guilty.

No error.

CAMPBELL and MORRIS, JJ., concur.