STATE OF NORTH CAROLINA v. JOHN STERLING COPELAND

No. 7114SC336

(Filed 23 June 1971)

**1. Criminal Law § 105— motion for nonsuit — question presented**

Upon the defendant's motion for judgment of nonsuit in a criminal action, the question for the court is whether there is substantial evidence of each essential element of the offense charged, or of a lesser offense included therein, and of the defendant's being the perpetrator of such offense; if so, the motion is properly denied.

**2. Crime Against Nature § 1— elements of offense — proof of penetration**

The crime against nature, G.S. 14-177, is sexual intercourse contrary to the order of nature; proof of penetration of or by the sexual organ is essential to conviction.

**3. Crime Against Nature § 2— sufficiency of evidence for jury**

The State's evidence was sufficient to be submitted to the jury on the issue of defendant's guilt of crime against nature against an eleven-month-old male child.

**4. Crime Against Nature § 2— refusal to instruct on taking indecent liberties with children**

In a prosecution for a crime against nature, the trial court did not err in refusing to charge the jury that defendant could be convicted of the crime of taking indecent liberties with children in violation of G.S. 14-202.1, since a violation of G.S. 14-202.1 is not a lesser included offense of the crime against nature described in G.S. 14-177.

APPEAL by defendant from *Bickett, Judge,* 30 November 1970 Session of Superior Court held in DURHAM County.

Defendant was charged in an indictment with committing the crime against nature with a named male child, age 11 months. He pleaded not guilty. The jury found him guilty as charged. From judgment of imprisonment for not less than seven nor more than ten years, defendant appealed.

*Attorney General Robert Morgan, by Assistant Attorney General I. Beverly Lake, Jr., and Staff Attorney Ronald M. Price for the State.*

*Standish S. Howe for defendant appellant.*

PARKER, Judge.

Defendant assigns as error the denial of his motion for nonsuit made at the close of the evidence. After the record on appeal was docketed in this Court, the Attorney General moved on behalf of the State to dismiss the appeal for that the record failed to reflect all of the testimony given at the trial and the testimony was summarized rather than stated in narrative form as required by the Rules of this Court. By stipulation of the parties a copy of the court reporter's transcript of the testimony given at the trial was filed with this Court "as part of the record in the case."

The following is a summary of the facts disclosed by the testimony of the State's witnesses:

Defendant, an Army companion and friend of the child's father, had been staying as a guest in the home of the child's parents. On occasion he looked after the baby while the parents were away at work. On Wednesday afternoon, 23 September 1970, at about 4:45 p.m., the mother left home to go to work, leaving defendant and the eleven-month-old baby boy as the only occupants of the house. The child had a slight cold, but otherwise nothing was physically wrong with him. He was asleep in bed when the mother left. At about 5:30 or 6:00 p.m. the father came home, finding defendant and the baby and no one else in the house. The child was crying, and the father was unable to stop him. The father called the mother at work and told her to come home. When she arrived home about 8:00 p.m., she changed the baby's diaper and found fresh blood inside his diaper. There seemed to be a cut about an inch long going into his rectum, which was still bleeding. She took the baby to a doctor and on

State v. Copeland

his advice took the child to Duke Hospital. At about 12:30 a.m. on 24 September 1970 a doctor at the hospital examined the baby and found he was a healthy baby except for the area of his rectum and anus, where he had two anurectal fissures, one superficial with mucosa of the rectum, and the other deep and involving the muscles. These were tears which were lacerations, not cuts. The tears appeared to have been caused by a distention, an expansion of the anal canal. Something larger than the canal had gone through the opening. It looked like the opening had been forced open more than it could expand normally. It had ripped the rectum. There was a small amount of bleeding and stool in the area of the fissure. The doctor made tests for semen and found none. The baby remained in the hospital until the following Friday.

A detective with the Durham Police Department testified he talked with defendant on the night of 23 September 1970, and that after he gave the defendant the Miranda warnings the defendant told him that in order to stop the baby from crying he had inserted his two larger fingers into the baby's rectum, causing him to bleed. The detective also testified that defendant told him that he had masturbated and had wiped himself off on the baby's diaper, using the same diaper to wipe blood from the baby.

Defendant testified that on the morning of the day he had been left alone to look after the child, the child had been sick and irritable and the mother had given the baby medication which seemed to quiet him down; that in his opinion the child was suffering from pneumonia; that defendant had had to change the baby's diapers once and realized the baby had been scratched and was bleeding; that the baby had thrown or kicked his bottle out on the floor and when defendant bent down to pick the bottle up, he had a momentary blackout lasting approximately 10 or 15 seconds; that he suffered from occasional blackouts as a result of a head wound he had received in Vietnam; that after the blackout, he noticed the child was crying and that was when he noticed the blood; that he thought the child's tears or cuts were caused by an object in the crib, one of the toys; that he did not remember doing anything improper; that it was possible that when he changed the diapers his fingers could have caused some of the bleeding. Defendant denied he had told the police officers that he had stuck his fingers in the baby's rectum.

State v. Copeland

On cross-examination he admitted he told the officers that he had masturbated and testified he had told them so when the detective said the child had been sexually molested and the defendant had semen on his pants. He also admitted that the semen was clearly visible on his pants and that he had masturbated. He testified he did so while kneeling in the doorway and that at the time this occurred, the baby was lying on the floor approximately eight to ten feet away.

[1] On the foregoing evidence it is our opinion that the motion for nonsuit was properly denied. "Upon the defendant's motion for judgment of nonsuit in a criminal action, the question for the court is whether there is substantial evidence of each essential element of the offense charged, or of a lesser offense included therein, and of the defendant's being the perpetrator of such offense. If so, the motion is properly denied. *State v. Rowland,* 263 N.C. 353, 139 S.E. 2d 661; *State v. Virgil,* 263 N.C. 73, 138 S.E. 2d 777; *State v. Goins* and *State v. Martin,* 261 N.C. 707, 136 S.E. 2d 97. In making this determination, the evidence must be considered in the light most favorable to the State and the State is entitled to the benefit of every reasonable inference to be drawn from it." *State v. Vestal,* 278 N.C. 561, 180 S.E. 2d 755.

[2, 3] The crime against nature, G.S. 14-177, is sexual intercourse contrary to the order of nature. *State v. Harward,* 264 N.C. 746, 142 S.E. 2d 691. Proof of penetration of or by the sexual organ is essential to conviction. *State v. Whittemore,* 255 N.C. 583, 122 S.E. 2d 396. There was in this case direct evidence from which the jury could find that the baby's rectum had been forced open and penetrated by some object larger than it could receive without injury and that this occurred while the baby and defendant were alone in the house together. Defendant admitted that shortly after this occurred there was semen clearly visible on his pants and that he had wiped himself off with the baby's diaper which he had also used to wipe blood from the baby. From this evidence it was a permissible inference for the jury to draw that it was the defendant's sexual organ which had penetrated the baby's rectum. In our opinion there was substantial evidence of all material elements of the offense with which defendant was charged and of the identity of the defendant as the perpetrator of that offense. This was all that is required to withstand the motion for nonsuit. *State v. Vestal, supra; State v. Stephens,* 244 N.C. 380, 93 S.E. 2d 431.

**[4]** Defendant's second contention is that the court erred in refusing to charge the jury that under this bill of indictment and the evidence in this case the defendant could be convicted of the crime of taking indecent liberties with children in violation of G.S. 14-202.1, which, for a first offense, is a misdemeanor. G.S. 14-177 condemns crimes against nature whether committed against adults or children. G.S. 14-202.1 condemns those offenses of an unnatural sexual nature against children under 16 years of age by persons over 16 years of age which cannot be reached and punished under the provisions of G.S. 14-177. G.S. 14-202.1 condemns other acts against children than unnatural sexual acts. The two statutes can be reconciled and both declared to be operative without repugnance. *State v. Harward, supra; State v. Lance,* 244 N.C. 455, 94 S.E. 2d 335; *State v. Chance,* 3 N.C. App. 459, 165 S.E. 2d 31. Because the two offenses are separate and distinct and the constituent elements are not identical, it is our opinion that a violation of G.S. 14-202.1 is not a lesser included offense of the crime against nature described in G.S. 14-177. See: *State v. Barefoot,* 241 N.C. 650, 86 S.E. 2d 424. There was no error in the court's refusal to charge the jury in this case relative to the offense described in G.S. 14-202.1.

No error.

Chief Judge MALLARD and Judge VAUGHN concur.