SHIRLEY JEAN STEWART, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 9869

June 28, 1978                                                   580 P.2d 473

*Morgan D. Harris,* Public Defender, and *Kirk B. Lenhard,* Deputy Public Defender, Clark County for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *H. Leon Simon,* Chief Appellate Deputy, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Convicted, by jury verdict, of attempted murder (NRS 200.010; NRS 208.070),[1] appellant here contends (1) the evidence was insufficient to sustain her conviction, and (2) she was denied a fair trial because of prosecutorial misconduct. We disagree.

1. Although defense witnesses testified that appellant had shot the victim in self defense, the jury chose to believe the prosecution witnesses' testimony that appellant had threatened the victim and then shot him without provocation. We have previously held that where "there is conflicting testimony presented, it is for the jury to determine what weight and credibility to give to the testimony." Hankins v. State, 91 Nev. 477, 538 P.2d 167, 168 (1975). *Accord,* Lloyd v. State, 94 Nev. 167, 576 P.2d 740 (1978); Porter v. State, 94 Nev. 142, 576 P.2d 275 (1978). Where, as here, there is substantial evidence to support the jury's verdict, it will not be disturbed on appeal. Cunningham v. State, 94 Nev. 128, 575 P.2d 936 (1978); Sanders v. State, 90 Nev. 433, 529 P.2d 206 (1974).

2. Appellant argues she was denied a fair trial through improper questioning by the prosecutor. On direct examination, appellant testified that she had been convicted of felony manslaughter in 1970. On cross-examination, the prosecutor attempted to delve further into appellant's prior conviction. Before appellant had an opportunity to answer an

---

[1]NRS 200.010 provides:

"Murder is the unlawful killing of a human being, with malice aforethought, either express or implied. The unlawful killing may be effected by any of the various means by which death may be occasioned."

NRS 208.070 provides, in pertinent part:

"An act done with intent to commit a crime, and tending but failing to accomplish it, is an attempt to commit that crime. . . ."

allegedly improper question, her counsel objected and the objection was sustained. The prosecutor did not pursue the line of questioning. Under these circumstances, we fail to perceive either prejudice or reversible error. *See* State v. Worth, 537 P.2d 191 (Kan. 1975); Lister v. State, 528 P.2d 1126 (Okla.Crim.App. 1974). *Cf.* Fairman v. State, 83 Nev. 287, 429 P.2d 63 (1967).

Affirmed.