GERALD RONALD WEAKLAND, Appellant, v. THE
STATE OF NEVADA, Respondent.

No. 10985

August 18, 1980

615 P.2d 252

*Morgan D. Harris,* Public Defender, and *Terrance M. Jackson,* Deputy Public Defender, Clark County, for Appellant.

*Robert J. Miller,* District Attorney, and *David Swartz,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Gerald R. Weakland pled guilty to second degree murder for

the killing of Hilda Kraus. In connection with his plea, Weakland made a written and videotaped statement implicating Rosalie Maxwell and Frank LaPena. At the preliminary hearing for Maxwell and LaPena, Weakland repeated his statement, testifying that he was hired by Maxwell and LaPena to kill Kraus. Weakland later repudiated these statements at the Maxwell and LaPena trials, asserting that neither Maxwell nor LaPena was involved in the killing. The state subsequently charged that Weakland committed perjury when he denied LaPena's and Maxwell's involvement in the Kraus killing. After a trial to a jury, Weakland was convicted of two counts of perjury.

Although Weakland makes numerous assignments of error in this appeal, his primary argument involves the admission of the prior testimony and statements of himself and the victim's husband, Mr. Kraus. It is Weakland's appellate contention that such admissions were reversible error as the statements and transcripts of the testimony contained much irrelevant and cumulative information. We agree and believe the judgment of conviction must be reversed and the cause remanded for new trial.

Over vigorous objection by appellant's counsel, the district court admitted the complete transcripts of appellant Weakland's previous testimony and statements as well as those of the victim's husband, Mr. Kraus. Each of the transcripts contained a detailed description of the actual killing of Hilda Kraus which appellant's counsel sought to exclude as irrelevant and highly prejudicial. The district court ruled that such information was relevant as the "acts surrounding the murder were so inextricably entwined with the charge as to be not susceptible of separation." NRS 48.015 defines relevant evidence as evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. Evidence relating to a crime other than that for which the appellant is on trial is relevant where it tends to show the false swearing of the appellant. State v. Cerfoglio, 46 Nev. 332, 205 P. 791, 213 P. 102 (1923). In this case, however, it is the participation of LaPena and Maxwell in arranging the murder, rather than the details of the actual killing, which gives rise to the perjury charges. Thus, those portions of the transcripts and statements which describe the commission of the crime are irrelevant and their admission clearly error. NRS 48.025(2).

It is asserted that the reception of this inadmissible evidence is not harmless error as it denied appellant his right to a fair trial. NRS 178.598 defines harmless error as that which does not affect substantial rights. Although NRS 178.598 does not provide a standard for determining when errors are harmless, this court has established certain guidelines to be followed in exercising its discretion. These include whether the issue of innocence or guilt is close, the quantity and character of the error and the gravity of the harm charged. Underlying each of these factors is the "supervisory function of the appellate court in maintaining the standards of the trial bench and bar, to the end that all defendants will be accorded a fair trial." Garner v. State, 78 Nev. 366, 374 P.2d 525 (1962).

A review of the record reveals that the evidence is not overwhelming. Weakland made three statements implicating Maxwell and LaPena. These statements were corroborated in part by Weakland's wife and two of Weakland's friends. Weakland subsequently repudiated his testimony, under oath, at the LaPena and Maxwell trials.

In this case, the error was repeated with the admission of each prior statement and trial transcript into evidence. The details of the murder, while not expounded upon by the state, were nevertheless argued to the jury at the close of the case. Further, the nature of the error (the admission of the details of the killing) is inherently harmful to one charged with perjury arising from such a crime. Contrary to respondent's contention, the repeated description of the murder did more than provide a backdrop of reality against which the defendant's false statements could be weighed. Instead, they impressed upon the jury that appellant Weakland was a cold-blooded killer—in addition to being a liar. In determining whether Weakland committed perjury at the LaPena and Maxwell trials as the state charged, the jury may well have been influenced by this reception of inadmissible evidence.

We conclude that the judgment below must be and is reversed and the sentence vacated and the cause remanded for a new trial. As stated by Justice Traynor,

> [The] litigant has a right to objective consideration of all proper evidence by triers of fact without violations of any substantial rights he may have as a litigant. He is entitled not to a trial free of all possible error but to a trial free of harmful error.
>
> . . . .
>
> . . . [Where] the error is so forceful as to leave its mark on

the judgment, the trial itself [is] contaminated. An appellant whose right to a fair trial in a trial court has been vitiated should be accorded that right anew. Retrial is a small price to pay for insuring the right to a fair trial.[1]

Reversed and remanded for new trial.

---

[1]R. Traynor, The Riddle of Harmless Error 20, 22 (1970).