GEORGE ROBINSON, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 13306

May 7, 1982                                    644 P.2d 514

*Morgan D. Harris,* Public Defender, and *Gary H. Lieberman,* Deputy Public Defender, Clark County, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *James Tufteland,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant was convicted by a jury of three counts of robbery with the use of a deadly weapon. During the prosecution's case in chief, testimony was elicited from a police detective concerning admissions made by appellant during plea negotiations. Such testimony is inadmissible. NRS 48.125(1).[1]

In Mann v. State, 96 Nev. 62, 65, 605 P.2d 209, 210 (1980), this court noted that NRS 48.125(1) was a legislative declaration of a ". . . public policy favoring the candid and honest negotiations necessary for the successful operation of our plea bargaining system. . . ."

In the present case the evidence against appellant was quite strong. However, the quantity and character of the error, and the gravity of the resulting harm, were substantial. The prosecutor intentionally elicited the prohibited testimony. He then remarked upon it three times during his closing argument. The nature of the evidence was such that it was probably foremost in the minds of the jurors when they voted for conviction. It would therefore be inconsistent with the "supervisory function of the appellate court in maintaining the standards of the trial bench and bar, to the end that all defendants will be accorded a fair trial," Weakland v. State, 96 Nev. 699, 701, 615 P.2d 252, 254 (1980), to hold that the admission of the prohibited testimony was harmless error.

Other contentions need not be considered, as we reverse and remand for a new trial.

---

[1]NRS 48.125(1) provides, in part, that:

> [e]vidence . . . of an offer to plead guilty to the crime charged or any other crime is not admissible in a criminal proceeding involving the person who made the plea or offer.