RONALD MOORE, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 15230

December 17, 1984        692 P.2d 1278

*Richard Davenport,* Reno, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Brent Kolvet,* District Attorney, *Michael J. Roeser* and *Harold Kuehn,* Deputy District Attorneys, Douglas County, for Respondent.

[2]THE HONORABLE DAVID ZENOFF, Senior Justice, participated in place of CHIEF JUSTICE MANOUKIAN, who recused himself.

## OPINION

*Per Curiam:*

This is an appeal from a judgment of conviction upon a jury verdict of one count of cheating at gambling, NRS 465.083,[1] and one count of altering the outcome of a gambling game, NRS 465.070(1).[2] At appellant's jury trial, the state presented evidence that appellant had used a technique of removing a card from the blackjack game and substituting another card in order to obtain a better hand and thus beat the dealer. The state's evidence consisted of the testimony of a casino surveillance employee and a gaming control board agent, in conjunction with the showing of a video tape of the blackjack game that appellant was playing.

Appellant contends that his convictions for both NRS 465.083 and NRS 465.070(1) constitute unconstitutional double punishment, on the ground that NRS 465.083 is a lesser included offense of NRS 465.070(1). We agree.

In Litteral v. State, 97 Nev. 503, 508, 634 P.2d 1226, 1229 (1981), we adopted the test set forth in Blockburger v. United States, 284 U.S. 299, 304 (1932), to determine whether one offense is necessarily included in another. ''[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires

---

[1]NRS 465.083 provides:

> It is unlawful for any person, whether he is an owner or employee of or a player in an establishment, to cheat at any gambling game.

"Cheat" is defined in NRS 465.015 as "to alter the selection of criteria which determine: (a) the result of a game; or (b) the amount or frequency of payment in a game."

[2]NRS 465.070(1) provides:

> It is unlawful for any person to alter or misrepresent the outcome of a game or other event on which wagers have been made after the outcome is made sure but before it is revealed to the players.

proof of a fact which the other does not." Blockburger v. United States, *supra* at 304. The general test for determining the existence of a lesser included offense is whether the offense in question "cannot be committed without committing the lesser offense." *See* Lisby v. State, 82 Nev. 183, 187, 414 P.2d 592, 594 (1966).

NRS 465.083 is violated when one cheats at a gambling game, which includes altering the selection of criteria that determine the result of the game. NRS 465.070(1), on the other hand, provides that it is unlawful to alter the outcome of a game "after the outcome is made sure but before it is revealed to the players." Both statutes require that the outcome of the game be altered; the only distinction is the time at which the alteration occurs. NRS 465.070(1) is the more specific statute; it prohibits conduct that alters the outcome of the game only after the result has been made sure. NRS 465.083 prohibits the same conduct at any stage of the game. One cannot violate NRS 465.070(1) without also violating NRS 465.083. Thus, under the *Lisby* test, NRS 465.083 is a lesser included offense of NRS 465.070(1).[3]

Appellant could therefore be convicted of only one offense. *See* Givens v. State, 99 Nev. 50, 657 P.2d 97 (1983) (impermissible to convict defendant of both a greater and a lesser included offense). Accordingly, appellant's conviction for cheating at gambling in violation of NRS 465.083 is reversed. The judgment of conviction is affirmed in all other respects.[4]

---

[3]In light of our determination that NRS 465.083 is always a lesser included offense of NRS 465.070(1), we need not address the particular facts of this case or the factually based test of Owens v. State, 100 Nev. 286, 680 P.2d 593 (1984).

[4]Appellant's contention that his conviction of NRS 465.070(1) is not supported by sufficient evidence is without merit. *See* Deveroux v. State, 96 Nev. 388, 610 P.2d 722 (1980) (circumstantial evidence alone may sustain a conviction).