LAURENCE MEADOR, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 15934

December 20, 1985          711 P.2d 852

*Michael F. Mackedon,* Fallon, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Michael Dinning,* District Attorney, and *Jack Fox,* Deputy District Attorney, Churchill County, for Respondent.

[4]The Honorable John C. Mowbray voluntarily disqualified himself from participating in this case.

## OPINION

*Per Curiam:*

Appellant challenges his conviction of seventeen counts of lewdness with a child under fourteen and six counts of sexual assault of a child under fourteen. We consider three of the issues raised by appellant in this appeal.

### THE FACTS

Appellant, a chief petty officer with the Navy, was stationed at the Naval Air Station in Fallon where he lived with his wife, Brenda, and two daughters. In September, 1983, while appellant was having a hernia repaired at an Oakland, California hospital, Mrs. Meador decided to move out of the couple's bedroom onto the porch. In the course of the move, Mrs. Meador discovered a collection of pornographic magazines, books and pictures at the bottom of two dressers. Alarmed at the nature of some of the material, she called her counselor and subsequently handed the material over to Nevada authorities.

The books, magazines and pictures reflected appellant's sexual obsession with young girls. The pictures, which appellant admitted taking, were of friends of his then eleven-year-old daughter and of daughters of other base personnel. Although many of the

pictures were taken while the girls were engaged in everyday activities, they were taken from angles which focused on the girls' leg, buttock and crotch areas. The sexual interest of the photographer is obvious from the nature of the photographs. Appellant testified that he never asked the girls to pose for him and that they were unaware of his prurient interest.

Mrs. Meador testified that she was concerned about her husband's friendship with the girls because he seemed to prefer their company to that of adults. Appellant took the girls swimming, horseback riding, to the movies, and encouraged them to spend the night at his home. During some of these overnight stays, after removing their blankets and moving their nightgowns above their waists, appellant would take pictures of the girls while they were asleep. He admitted to pulling down one girl's underpants while she was asleep in order to get photos of her genitalia.

Although appellant admits to being a pedophile, he insists that he confined his obsession to taking pictures and using the pictures for fantasies during masturbation. He claims he never touched the girls in anything but a loving, affectionate manner.

Appellant's older daughter helped the police identify the girls in the pictures. The subsequent investigation led to appellant's arrest for molesting nine of the girls in his home, at two public swimming pools, at the movies, and at the May Ranch.

At trial the girls testified that they did not report the incidents or stop visiting the Meador home because they did not understand what was happening to them and because they were scared or embarrassed. One of the girls testified that appellant told her she would be in trouble if she told anyone. Dr. Little, a psychiatrist, testified that the girls' silence was typical of molested children because children under twelve years of age are not aware of their sexual identities and are incapable of making abstract judgments. He explained that the girls were incapable of understanding what was happening to them. The girls ranged in age at the time of these incidents from eight to twelve years old.

The jury found appellant guilty of seventeen counts of lewdness with a child under fourteen years of age and six counts of sexual assault of a child under fourteen years of age. Appellant was sentenced to six life terms for the sexual assaults and ten years for each count of lewdness. Two of the life sentences were to be served consecutively; the remaining four life sentences were to be served concurrently with the second consecutive life term. Five of the ten-year sentences were to be served consecutively with each other and the second consecutive life term. The remaining twelve ten-year sentences were to run concurrently with the fifth consecutive ten-year term.

## MARITAL PRIVILEGE

Appellant contends that the district court erred in allowing his wife to testify against him after he invoked the marital privilege. NRS 49.295[1] provides in pertinent part:

1. Except as provided in subsections 2 and 3 and NRS 49.305:

(a) A husband cannot be examined as a witness for or against his wife without her consent, nor a wife for or against her husband without his consent.

(b) Neither a husband nor a wife can be examined, during the marriage or afterwards, without the consent of the other, as to any communication made by one to the other during marriage.

2. The provisions of subsection 1 do not apply to a:

. . . .

(e) Criminal proceeding in which one spouse is charged with:

(1) *A crime against* the person or the property of the other spouse or of *a child of either, or of a child in the custody or control of either,* whether such crime was committed before or during marriage.

(Emphasis added.) The statute plainly provides that the privilege is inapplicable where the spouse invoking the privilege has been charged with a crime against a child in the custody or control of either spouse. The record indicates that appellant had physical control over the girls during the molestations. We conclude that appellant's physical control over the girls at the time of the molestations satisfies the requirements of the exception to the privilege.

## DOCTOR-PATIENT PRIVILEGE

Appellant contends that the district court erred in allowing a psychiatrist to testify to his conversations with appellant, citing the doctor-patient privilege contained in NRS 49.225.[2] We conclude that the privilege was inapplicable, however, because the

---

[1]NRS 49.295 was amended during the 1985 legislative session. 1985 Nev. Stats. ch. 275, § 1, at 842. As amended, NRS 49.295 permits only the *testifying* spouse to invoke the privilege. A non-testifying spouse may no longer invoke the privilege to prevent his or her spouse from testifying against him or her unless the testimony relates to a communication from one spouse to the other made during the marriage. *See* NRS 49.295(b).

[2]49.225 General rule of privilege. A patient has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications among himself, his doctor or persons who are participating in

psychiatrist, Dr. Little, informed appellant that he was making an evaluation at the request of the Navy. NRS 49.215 defines a confidential communication as one "not intended to be disclosed to third persons." Since appellant knew that Dr. Little was talking to him at the Navy's request, we conclude that he must have known that the information would be transmitted to third persons. Therefore the privilege was inapplicable and the admission of Dr. Little's testimony was proper.

## DOUBLE JEOPARDY

Appellant's conviction on four of the lewd act counts (Counts 9, 10, 15 and 14) were based upon the same four events which supported his conviction on four of the sexual assault counts (Counts 12, 13, 16 and 18, respectively). Appellant contends that the double jeopardy clause prohibits his conviction for both a lewd act and a sexual assault when both offenses are based upon the same event. In other words, appellant argues that lewdness with a child, a violation of NRS 201.230, is a lesser included offense of sexual assault, a violation of NRS 200.366.

To determine whether appellant's conviction on both offenses is barred by double jeopardy, we refer to the *Blockburger* test adopted by this court in Litteral v. State, 97 Nev. 503, 508, 634 P.2d 1226 (1981): "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932). *See also* Brown v. Ohio, 432 U.S. 161 (1977) (prosecution for both joyriding and car theft barred because "Fifth Amendment forbids . . . cumulative punishment for a greater and lesser included offense"). "By definition, conviction of both an offense and a lesser included offense will always be impermissible under this test." Givens v. State, 99 Nev. 50, 56, 657 P.2d 97 (1983).

A lesser offense is an included offense when the greater offense cannot be committed without committing the lesser offense. *See* Lisby v. State, 82 Nev. 183, 187, 414 P.2d 592 (1966). Appellant argues that a lewd act is necessarily committed each time a sexual assault is perpetrated; therefore appellant contends that lewd and lascivious conduct is a lesser included offense of sexual assault.

Respondent argues that lewd and lascivious conduct is not a lesser included offense of sexual assault by operation of the statute. NRS 201.230(1) provides:

the diagnosis or treatment under the direction of the doctor, including members of the patient's family.

> Any person who willfully and lewdly commits any lewd or lascivious act, *other than acts constituting the crime of sexual assault,* upon or with the body, or any part or member thereof, of a child under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of that person or of that child, shall be punished by imprisonment in the state prison for not less than 1 year nor more than 10 years, and may be further punished by a fine of not more than $10,000.

(Emphasis added.) This court previously addressed this issue when the clause "other than acts constituting the crime of sexual assault" read "other than acts constituting the . . . infamous crime against nature." *See* McMichael v. State, 94 Nev. 184, 191, 577 P.2d 398 (1978). In *McMichael* we held that a defendant was not entitled to a jury instruction on lewdness with a child in a prosecution for the infamous crime against nature because lewd and lascivious conduct is not a lesser included offense of the infamous crime against nature:

> NRS 201.230 pertaining to lewdness with a child under 14 years of age states that the crime is committed by "[a]ny person who shall willfully and lewdly commit any lewd or lascivious act, *other than acts constituting the . . . infamous crime against nature,* upon or with the body . . . of a child under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such child. . . ." (Emphasis added.) In Nevada, by definition the acts constituting the infamous crime against nature do not imply the criminal commission of lewdness with a child. Such crime must be proved by other acts not amounting to the infamous crime, and none was proven or, indeed, even suggested. . . .
>
> . . . [Lewd] acts are not . . . necessarily included lesser crimes within the infamous crime against nature.

*Id.* at 191-92. Because the primary element of both sexual assault and the infamous crime against nature is sexual penetration, *see* NRS 200.366(1) and NRS 201.193, respondent argues that we must reject appellant's assertion "that lewd and lascivious conduct could be inferred from the mere circumstance of sexual penetration" just as we did in *McMichael,* 94 Nev. at 192. We conclude, however, that *McMichael* was ill-considered and therefore overrule it to the extent that it holds that lewd and lascivious conduct is not a lesser included offense of crimes of sexual penetration.

The *Blockburger* test was not considered in *McMichael* because the defendant was challenging the district court's failure

to instruct on the lesser offense; the defendant did not, and had no reason to, raise a double jeopardy claim. *Blockburgér* demands that *each* offense require proof of a fact that the other does not. Although sexual assault requires proof of an additional fact, i.e. sexual penetration, that the lewd act offense does not require, the converse is not true. Proof of a lewd act does not require proof of a fact distinct from the elements of sexual assault since a lewd act necessarily occurs during the sexual assault. Therefore appellant's conviction on Counts 9, 10, 15 and 14 is barred by the double jeopardy clause. We therefore vacate the four ten-year sentences imposed by the district court for those counts. *See* People v. Brown, 320 P.2d 5, 15 (Cal. 1958) (if defendant convicted of two offenses which are actually one, conviction of less severely punishable offense should be set aside).

## CONCLUSION

Appellant's remaining contentions clearly lack merit and do not warrant discussion in this opinion. Appellant's conviction on Counts 9, 10, 14 and 15 is reversed and the sentences related to those counts are vacated. The district court's judgment is affirmed in all other respects.