DAVID EUGENE CRAWFORD, Appellant, v. THE
STATE OF NEVADA, Respondent.

No. 20692

May 9, 1991 811 P.2d 67

*Moran & Weinstock* and *Andrew Leavitt,* Las Vegas, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Rex Bell,* District Attorney, *James Tufteland,* Deputy District Attorney, and *Robert L. Langford,* Deputy District Attorney, Clark County, for Respondent.

# OPINION

By the Court, STEFFEN, J.:

This is a criminal appeal from a judgment of conviction upon a jury verdict of one count of Battery With Intent to Commit a Crime, one count of Coercion, and four counts of Attempt Sexual Assault With Use of a Deadly Weapon. Crawford contests the convictions on four grounds: (1) there was insufficient evidence to convict him of the crimes; (2) he was prejudiced by the admission into evidence of certain prior bad acts; (3) he was further prejudiced by the trial court's decision not to allow the offered proof of a witness' prior felony conviction for impeachment purposes; and (4) the court's additional instruction on the law of attempt unduly prejudiced defendant. Because prejudicial error occurred, we reverse.

## *The Facts*

Appellant David Eugene Crawford was charged by way of a seven count criminal complaint. Count I charged Crawford with one count of Criminal Battery With Intent to Commit a Crime. He was accused of telling the complaining witness, Lash Felger, that he was going to have sexual intercourse with him, and

thereafter grabbing Felger by the hair and holding a knife to his throat.

Count II charged Crawford with Coercion. Crawford was accused of forcing Felger to leave the living room, go into the bedroom and remove his clothing.

Counts III, IV, and VI charged Crawford with Sexual Assault With Use of a Deadly Weapon. Crawford was accused of sexually penetrating Felger's anus against Felger's will.

Count V accused Crawford of Attempt Sexual Assault With Use of a Deadly Weapon. More specifically, the charge alleged Crawford tried to force Felger to perform fellatio upon him.

Count VII alleged Coercion. Crawford was accused of forcing Felger into the bathroom to clean off Felger's rectal area.

Crawford pleaded not guilty to all charges. At trial, the district court judge allowed the State to admit evidence that Crawford beat his wife and kicked her out of the house approximately a month prior to the night of the alleged crimes. Evidence was also admitted concerning Crawford's possible contraction of a venereal disease as a result of having had sexual relations with a female neighbor. Crawford's attempt to impeach Felger by introducing evidence of a felony conviction was rejected by the district court.

Felger was the only witness who testified concerning the commission of the crimes. He testified that before Crawford commenced his criminal conduct, he and Crawford had been drinking, eating, and calling Crawford's wife; thereafter, the two men went to Crawford's apartment. Felger testified that when they arrived at Crawford's place, Crawford went into his bedroom and reappeared in the living room wearing a bathrobe and carrying a knife with a narrow blade.

Felger stated that Crawford told him he was going to have sexual intercourse with him. After Felger protested, Crawford allegedly forced Felger into the bedroom by pulling his hair and holding a knife at his throat. Felger testified that when the two men entered the bedroom, Crawford told him to remove his clothes. Thereafter, Crawford allegedly penetrated Felger's anus three separate times, and tried to force Felger to perform an act of fellatio. Afterwards, Felger was directed to go to the bathroom and clean himself off.

After the recited incidents had allegedly occurred, Felger called the police, and tests of head and pubic hairs and blood and saliva were taken from Felger and Crawford. Moreover, a sample of residue from Felger's rectal area was tested in addition to Crawford's bed sheets. The results of the tests revealed semen and pubic hairs similar to Crawford's on the bed sheets, and no serological evidence of value on the remainder of the items.

Carla Noziglia, Director of the Forensic Laboratory at Las

Vegas Metropolitan Police Department, testified that in cases where ejaculation has occurred in the anus, three factors may prevent a finding of serological evidence: (1) time between ejaculation and testing;[1] (2) cleaning the area;[2] and (3) the presence of hostile bacteria in the rectal track. There was no tearing or blood present, and the anal scope was normal when Felger underwent a rectal exam.

On cross-examination it was revealed that Crawford had terminated Felger from his employment at the apartment complex. Crawford had fired Felger prior to the time of the alleged acts after Felger had worked for only one day.

## Discussion

We commonly uphold jury verdicts when the record reflects that the jury could have reasonably "been convinced . . . [beyond a reasonable doubt of the defendant's guilt] by the evidence it had a right to consider." Wilkins v. State, 96 Nev. 367, 374, 609 P.2d 309, 313 (1980). Unfortunately, the jury in the instant case heard evidence it had no right to consider when it was made aware of Crawford's prior bad acts. Additionally, the jury was not allowed to hear relevant evidence that could have impeached the complaining witness, an error of substantial magnitude given the fact that the jury's verdict obviously reflected an unwillingness to fully credit Felger's testimony.

### 1. Crawford's alleged prior bad acts

Evidence of a defendant's prior bad acts is inadmissible to show that he or she acted in conformity therewith. NRS 48.045(2). The justification for this rule is that "[e]vidence of uncharged misconduct may unduly influence the jury, and result in a conviction of the accused because the jury believes he is a bad person." Berner v. State, 104 Nev. 695, 697, 765 P.2d 1144, 1145 (1988). Such evidence may be admissible, however, to show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. NRS 48.045(2). It is within the trial court's sound discretion whether prior bad acts are admissible, and such decisions will not be disturbed on appeal unless manifestly wrong. See Brackeen v. State, 104 Nev. 547, 552, 763 P.2d 59, 63 (1988).

---

[1]Serological evidence will normally be found if the test is taken within six (6) hours after ejaculation. Felger was tested between two and three hours after the time of the alleged assaults.

[2]Most commonly by an enema or possibly a bowel movement.

As noted above, the trial court admitted evidence indicating that Crawford had beaten his wife and ejected her from the home, and that he possibly contracted a venereal disease from an act of intercourse with a female neighbor.

The State argues that evidence of the prior bad acts was admissible for two reasons. First, the State contends that Crawford's separation from his wife shows he was sexually frustrated on the night of the assaults. Second, the State argues that it was necessary for the State to prove that the assaults were against the will of the victim. Finally, the State maintains that the prior bad acts tended to show that the assaults were accomplished by force. We disagree. The stated relevance of these prior bad acts is strained and questionable at best. Crawford's violence towards his wife and their ensuing separation occurred over a month before the alleged assaults, and the assertion of an act of domestic violence hardly supports an inference that Crawford was violent with a non-spouse, let alone a male. Moreover, the evidence does not support the inference that Crawford's time away from his wife left him sexually frustrated. To the contrary, according credence to Felger's testimony, Crawford had sex with at least one female during the time he was separated from his wife. And, there is no evidence that this encounter was anything but consensual. Moreover, Crawford's heterosexual experiences hardly provided any probative basis for inferring that he developed the appetite and intent for a homosexual relationship. The admission of this equivocal, irrelevant evidence constituted prejudicial error.

## 2. *Prior convictions of the witness*

A witness may be impeached by evidence of a criminal conviction if: (1) the crime was punishable by death or imprisonment for over a year; (2) the conviction occurred less than ten years after the dates specified under NRS 50.095(2); (3) the conviction has not been pardoned; and (4) the conviction was not the result of a juvenile adjudication. NRS 50.095. Moreover, "a certified copy of a conviction is prima facie evidence of the conviction." *Id.*

Felger was convicted in Florida of Grand Larceny in 1987 and placed on two years' probation. Crawford sought to impeach Felger by inquiring about his prior felony conviction. Crawford's foundation for the question was a certified copy of Felger's criminal record. The trial court refused to allow Crawford's

counsel to question Felger about the conviction on the grounds that the certified record was not sufficiently reliable. The trial court ruled that an exemplified copy of the conviction was required.

It is true that a "court may not rely upon the exemplified record, either to impeach or enhance punishment, when a constitutional infirmity appears from the face of the record." Scott v. State, 97 Nev. 318, 319, 630 P.2d 257, 258 (1981) (quoting Anglin v. State, 86 Nev. 70, 73, 464 P.2d 504, 506 (1970)). And it is the burden of the party disclaiming admissibility to show that a document is constitutionally infirm. The State has not met this burden. The certified document clearly indicates that Felger was charged with grand larceny, treated as an adult, convicted and sentenced to two years probation. The State simply did not rebut Crawford's prima facie evidence, and Crawford's counsel should have been allowed to examine Felger on the point and introduce the certified evidence of a felony conviction in the event of a denial by Felger.[3]

The error in excluding Crawford's impeachment evidence was not harmless. Felger was the only witness to the alleged crimes and the jury, by its verdict, amply demonstrated its concern for Felger's credibility. There was no physical evidence of an actual sexual assault by Crawford. Felger, having been terminated by Crawford, also had a motive for seeking revenge. If the jury had been made aware of Felger's criminal record, it may have concluded that Felger was altogether untrustworthy and undeserving of belief as to any of the alleged happenings.

---

[3]Under Florida's Rules of Criminal Procedure, Rule 3.701(d)(2), " 'conviction' means a determination of guilt resulting from plea or trial, *regardless of whether adjudication was withheld* or whether imposition of sentence was suspended" (emphasis added). Although the aforesaid definition is included as part of Florida's sentencing guidelines, it serves to illustrate what in fact occurred with Felger. He was convicted of a felony but adjudication was withheld during his two-year period of probation. Under Florida law, because Felger's two-year probation had not expired prior to the date of his testimony in the instant case, evidence of his guilt was properly admissible for impeachment purposes subject to evidence that no adjudication had yet occurred. *See* Barber v. State, 413 So.2d 482, 484 (Fla.Dist.Ct. App. 1982). Because Crawford was erroneously denied the opportunity to impeach Felger at the time of the original trial, and although Felger's two-year period of probation has now expired (assuming it was successfully completed), upon retrial, fairness dictates that Crawford be allowed to use the Florida conviction for impeachment purposes.

Finally, Crawford complains that the district court erred in submitting supplemental instructions to the jury after it had already commenced its deliberations. The instructions were given by the trial court in response to a message from the foreman of the jury inquiring whether the three counts involving charges of sexual assault by anal penetration could be "changed to attempt." In this case we agree that the court erred in giving the instructions.

Before addressing the basis for the error, we note that both the district court and the district attorney erroneously concluded that Attempt Sexual Assault is a lesser included offense to the crime of Sexual Assault. In so concluding, the district court relied on NRS 175.501.[4] It is seen that the statute differentiates between a lesser included offense and an attempt by referring to both in the disjunctive. Moreover, we have held on numerous occasions that the test for determining whether a crime is a lesser included offense is whether the offense in question cannot be committed without committing the lesser offense. *See, e.g.,* Meador v. State, 101 Nev. 765, 769, 711 P.2d 852, 855 (1985); Moore v. State, 100 Nev. 698, 700, 692 P.2d 1278, 1279 (1984). It is generally held that attempt offenses consist of three elements: (1) the intent to commit the crime; (2) performance of some act toward the commission of the crime; and (3) the failure to consummate its commission. *See,* 22 C.J.S. *Criminal Law* § 116 (1989) citing cases and LaFave & Scott *Substantive Criminal Law* Vol. 2, § 6.2. In Nevada, the statutory definition of an attempt crime is "[a]n act done with intent to commit a crime, and tending but failing to accomplish it." NRS 193.330. Because an element of the crime of attempt is the failure to accomplish it, an attempt crime may not be a lessor included offense of the completed crime. In Nevada, however, the State may charge a defendant with the completed crime and nevertheless obtain a conviction for attempt as provided by NRS 175.501. This is a just principle despite the absence of the third element of the discrete crime of attempt (failure to consummate), because in a generic sense, every consummated crime is necessarily preceded by an attempt to commit the crime.

---

[4]NRS 175.501 reads as follows:

The defendant may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein if the attempt is an offense.

Despite the right of the trier of fact to convict on attempt where the State has only charged the completed offense, it may not do so unless there is evidence to support an attempt. *See* State v. Chance, 165 S.E.2d 31, 32 (N.C.Ct.App. 1969). In the instant case, the only evidence was, from the defendant, that no sexual conduct occurred between the two men and, from Felger, that three acts of sexual assault occurred in the form of forcible anal intercourse. The jury disbelieved the complaining witness regarding the consummated crimes and thereafter sought and received instructions for a lesser crime, attempt sexual assault, concerning which there was no evidence upon which to base a conviction. Therefore, the district court erred in instructing the jury on the lesser crime of attempt sexual assault concerning the three counts of sexual assault because there was no evidence of record to support such instructions.

## Conclusion

For the reasons specified above, we reverse the judgment of the district court and remand for a new trial.[5]

ROSE and YOUNG, JJ., concur.

MOWBRAY, C. J., with whom SPRINGER, J., joins, dissenting:
Respectfully, I dissent.

After a jury trial, David Crawford was found guilty of the crimes outlined in the majority opinion. Now, the majority concludes that the district court prejudiced the appellant and that the jury's verdicts must be rejected. However, for the following reasons, I believe the appellant's convictions should be affirmed.

## BAD ACT TESTIMONY

In general, evidence of other crimes, wrongs, or acts cannot be admitted at a defendant's trial to show the defendant acted in conformity therewith. NRS 48.045(2). However, "[t]he state is entitled to present a full and accurate account of the circumstances of the commission of the crime, and if such an account also implicates the defendant or defendants in the commission of other crimes for which they have not been charged, the evidence is nevertheless admissible." State v. Izatt, 534 P.2d 1107, 1110 (Idaho 1975); *see also* Allan v. State, 92 Nev. 318, 549 P.2d 1402 (1976); State v. Sikes, 427 P.2d 756 (Or. 1967). First, the majority reasons Crawford's convictions cannot stand because he

___

[5]Obviously, upon retrial, the State may only proceed against Crawford on the one count of battery with intent to commit a crime and the single count of coercion.

was prejudiced by improper bad act testimony at his trial. I disagree.

## A.

Near the beginning of November 1988, Lash Felger and his girlfriend moved into an apartment at the Racquet Club Apartments. Approximately two to three days thereafter, Felger was hired to work at the apartment complex; however, appellant Crawford fired Felger the same day Felger was hired because another person with better qualifications applied for the job.

A few weeks later, Felger moved into another apartment at the same complex. Felger shared this apartment with appellant Crawford for approximately five days before Felger moved into a third apartment, again in the same apartment complex.

Felger testified that on the last day of November 1988, Crawford came to Felger's apartment and expressed concern that he may have contracted a venereal disease from a girlfriend. One day later, in the early morning hours of December 1, 1988, Crawford invited Felger to his apartment. Thereafter, Felger asserts he was sexually assaulted by Crawford.

One of the essential elements of the crime of sexual assault is consent. *See* NRS 200.366(1). Felger's belief that Crawford may have been suffering from a venereal disease is probative and relevant to the issue of consent. The decision to allow Felger to recount Crawford's concerns regarding venereal disease to the jury rested with the sound discretion of the trial court, Brinkley v. State, 101 Nev. 676, 680, 708 P.2d 1026, 1029 (1985), and should not be disturbed in this appeal absent a showing that the district court was manifestly wrong when it allowed the admission of this evidence. Hill v. State, 95 Nev. 327, 330, 594 P.2d 699, 701 (1979). The district court did not manifestly abuse its discretion when it allowed Felger to discuss Crawford's concerns regarding venereal disease.

## B.

The majority also concludes that there was no probative reason for the district court to allow testimony that Crawford had beaten his wife. I agree. However, I cannot agree that this error was prejudicial to the appellant.

Guidelines for ascertaining harmless error include whether the issue of innocence or guilt is close, the quantity and character of the error, and the gravity of the harm charged. Weakland v. State, 96 Nev. 699, 615 P.2d 252 (1980). The decision of the district court to allow evidence that appellant once beat his wife seems inconsequential in light of the entire record and does not mandate a reversal of the jury's verdicts.

## IMPEACHMENT EVIDENCE

Pursuant to NRS 50.095, a witness may be impeached by a prior conviction.[1] At the trial, appellant Crawford sought to impeach Felger's testimony by submitting a document that allegedly showed Felger had previously been convicted of grand larceny in the State of Florida. The district court would not allow the submission of the document because the court was concerned that the information included in the document was not reliable and did not properly represent a felony conviction. The majority opinion concludes the district court erred in this regard. I cannot agree.

The document submitted to the district court does not show a prior felony conviction; rather, it indicates Felger, a minor at the time of the alleged offense in Florida, was treated as an adult and sentenced to probation, *but that adjudication was withheld.* Clearly, the district court did not err when it refused to allow evidence of a witness' prior felony conviction when the face of the document submitted to support this contention clearly shows the alleged conviction was nonexistent.

## SUFFICIENCY OF THE EVIDENCE

"[I]t is the function of the jury, not the appellate court, to weigh the evidence and pass upon the credibility of the witness." Walker v. State, 91 Nev. 724, 726, 542 P.2d 438, 439 (1975). Further, this court has repeatedly held that it is for the jury to determine the weight and credibility assigned to conflicting testimony. *See* Bolden v. State, 97 Nev. 71, 624 P.2d 20 (1981); *see also* Porter v. State, 94 Nev. 142, 576 P.2d 275 (1978); Stewart v. State, 94 Nev. 378, 580 P.2d 473 (1978); Hankins v. State, 91 Nev. 477, 538 P.2d 167 (1975).

---

[1]NRS 50.095 provides:

1. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime is admissible but only if the crime was punishable by death or imprisonment for more than 1 year under the law under which he was convicted.

2. Evidence of a conviction is inadmissible under this section if a period of more than 10 years has elapsed since:

(a) The date of the release of the witness from confinement; or

(b) The expiration of the period of his parole, probation or sentence, whichever is the later date.

3. Evidence of a conviction is inadmissible under this section if the conviction has been the subject of a pardon.

4. Evidence of juvenile adjudications is inadmissible under this section.

5. The pendency of an appeal therefrom does not render evidence of a conviction inadmissible. Evidence of the pendency of an appeal is admissible.

6. A certified copy of a conviction is prima facie evidence of the conviction.

The majority concludes the district court erred when it submitted supplemental jury instructions after the jury had commenced deliberations. Here, the majority reasons that the supplemental instructions were inappropriate because there was insufficient evidence produced at trial to support a conclusion that Crawford had failed to insert his penis into Felger's anus. Again, I respectfully disagree with the majority's conclusions.

Felger testified he was invited to Crawford's apartment on the night in question. After arriving at the apartment, Felger told the jury that Crawford produced a knife, held it to Felger's throat, and forced Felger to take off his clothes. Felger then told the jury that his anus was penetrated three separate times by Crawford's penis. However, prior to trial, Felger's rectum was swabbed and blood, saliva, and hair samples were taken from both Felger and Crawford. Scientific tests on these items failed to corroborate Felger's assertion that his anus had been penetrated by Crawford's penis. Further, an examination of Felger's rectum failed to indicate trauma or an abnormal anal scope.

The jury was asked to evaluate this contradictory evidence. They did and concluded that even though Crawford had attempted to sexually assault Felger, Crawford was unsuccessful. The fact that Felger believed otherwise does not indicate the jury's conclusion was wrong, nor does it mandate a finding from this court that there was insufficient evidence to support the district court's supplemental jury instructions. On the contrary, the lack of semen and serological evidence in Felger's rectum is sufficient to support the jury's conclusion that Crawford was unsuccessful when he tried to sexually assault Felger. The jury's factual findings on this issue are supported by the evidence and should be affirmed by this court.[2]

Accordingly, I must dissent.

---

[2]The majority is concerned that Felger concocted his allegations of sexual assault to avenge his termination as an employee of the apartment complex. It is difficult to understand why Felger would create such an immense fabrication simply because he was terminated from a job he held for one day. Also, a concern that Felger may have wrongfully accused Crawford of sexual assault seems inconsistent with the facts in the record: Felger accused Crawford of sexual assault a number of weeks after Felger lost his job at the apartment complex, and during this intervening period of time, Felger and Crawford shared an apartment, visited each other, and exchanged confidences.

Even more important is the fact that the jury was allowed to consider the events surrounding Felger's termination and whether Felger's allegations of sexual assault were contrived. Again, the jury should be allowed to assess conflicting facts and arrive at a conclusion without interference from this court. The jury decided Felger had not fabricated the crimes alleged against the appellant, and this court should defer to the jury's findings on this issue.