Argued June 4, affirmed June 26, 1963

# STATE OF OREGON *v.* KRISTICH
383 P. 2d 380

[ 1 ]

*Richard D. Lee,* Salem, argued the cause and submitted briefs for appellant.

*James E. Craig,* District Attorney, McMinnville, argued the cause and submitted a brief for respondent.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN, O'CONNELL, GOODWIN and DENECKE, Justices.

McALLISTER, C. J.

The defendant, Andry Mike Kristich, was convicted by a jury in the circuit court for Yamhill county of the crime of rape of his wife's daughter. ORS 163.220. He was sentenced to imprisonment in the penitentiary for a term not exceeding 18½ years, from which judgment he appeals.

The defendant Kristich has thrice been tried on a charge of rape of his 13-year old stepdaughter. The girl testified in this case that the defendant began molesting her sexually in early 1957 while the family was living near St. Paul in Marion county; that the sexual intimacy progressed rapidly from fondling to sexual intercourse which occurred from once to several times a week until November 1957, at which time it was discontinued because the relationship came to the attention of the authorities in Marion county. Although the Marion county authorities investigated the matter no charges were filed against defendant.

The girl further testified that early in 1958 at about the time the family moved to a new home near

Dundee in Yamhill county the defendant resumed sexual relations with her and continued them until school started that fall. The girl became pregnant in 1958 as a result of these relations and bore a child on May 20, 1959.

Defendant was first charged in Yamhill county with the rape of his stepdaughter committed on September 19, 1958. On the trial of that charge he offered proof of an alibi covering the date alleged and was acquitted.

Defendant was thereafter indicted for rape of his stepdaughter committed on January 12, 1958, was found guilty by a ten to two verdict of the jury and sentenced to 20 years in the Oregon State Penitentiary. Upon appeal the case was reversed and remanded for a new trial because of an unauthorized communication to the jury by the bailiff concerning the necessity of arriving at a verdict. *State v. Kristich,* 226 Or 240, 359 P2d 1106. Upon the retrial defendant was convicted by a unanimous verdict.

Appellant's principal assignment of error alleges that the court erred in informing the jury that defendant's prior conviction had been reversed on account of an unauthorized communication to the jury by the bailiff. After the court had instructed the jury concerning the law of the case and the bailiffs had been sworn, the court delivered the following admonitory statement to the jury:

> "Now, ladies and gentlemen of the jury, it is after 12:00 and I anticipate that you probably will be required to be taken out for your lunch before too long. The bailiff will take you out and, if that does occur, during the course of your trip between the restaurant and here and while you are at the restaurant, you will stay together. Now, you must

not discuss this matter while you are out in any shape, way or form, or to talk to anyone. Now, that was the one—was the cause for reversal in the Supreme Court, was—previously—was the conduct of the jury and the bailiff during the time they were at this stage of the proceedings. So you will be particularly circumspect today, at such time as you are taken out for your lunch, not to discuss any of the matters while outside of the juryroom; even in a joking manner; nor will you discuss or talk to anyone. If you need cigarettes or chewing gum or anything of that nature, you can give that message to one of the bailiffs. In other words, you will not talk to anyone while you are at the restaurant or on your way to or from, nor will you discuss the case among yourselves while en route or while you are there. We want you to be sure nobody criticizes you with respect to your conduct on this matter.

"All right, the jury may retire."

The defendant excepted to the foregoing statement as follows:

"And, third, we would except to the Court's remarks to the jury just now, after the bailiffs were sworn, to the effect that the reversal of the previous case was due to the misconduct of the bailiff before the jury. That remark implies to the jury that he was convicted in this court and that there was no other question involved. It does not take into effect that they might not have reached a verdict if they had not heard those remarks. We feel that statement to the jury was—on the bailiff's conduct—gives an incorrect impression; so we will except to those remarks."

■ Although we think it was unfortunate that the court mentioned to the jury the reason for the reversal of the prior conviction, we think defendant was not prejudiced thereby. During the trial of this case repeated references were made, both by the state and

by the defendant, to the two prior trials. On at least ten occasions defendant's counsel referred to the fact that the first trial resulted in an acquittal. In addition, a certified copy of the judgment of acquittal entered in the first case was admitted in evidence without objection. The second trial was referred to in the testimony about 40 times. The result of the second trial was disclosed by defendant himself when he was asked about any prior convictions for the purpose of impeachment. He testified:

"Q  I merely am asking you: Have you ever been convicted of a crime?

"A  Well, this last conviction and reversal by the Supreme Court."

Even without the defendant's disclosure, it must have been obvious to the jury that the second trial had not resulted in an acquittal. In any event, by the time the court made his cautionary statement the jury was fully informed that Kristich had been tried twice before, that the first trial had resulted in an acquittal and the second in a conviction which was reversed by the Supreme Court. The additional information that defendant's conviction was reversed because of misconduct of the bailiff would not, in our opinion, suggest to the jury that defendant should again be convicted. We think the information concerning the cause of the reversal would be of no significance to the jury.

■ We have examined appellant's other assignments of error and find no merit whatever in either of them. Defendant was represented by competent counsel and had an eminently fair trial. The issues for determination by the jury were relatively simple. The case turned on the credibility of the witnesses, principally defendant and the prosecutrix. The prosecutrix was

corroborated by a number of witnesses, including two police officers who testified that defendant had described to them his sexual relations with his stepdaughter. As a witness on his own behalf defendant testified that he had admitted to the officers that he had had intercourse with his stepdaughter on two occasions, but claimed that the admission was untrue and was made as a foundation for an alleged deal to plead guilty to a lesser charge. The jury chose to believe the prosecutrix and found against the defendant on the issues of fact. There is no ground for reversal.

The judgment is affirmed.