Allan L. JOHNSON, Appellant,

v.

STATE of Alaska, Appellee.

No. A–791/794.

Court of Appeals of Alaska.

Nov. 14, 1986.

R. Scott Taylor, Asst. Public Defender, Nome, and Dana Fabe, Public Defender, Anchorage, for appellant.

John A. Scukanec, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Harold M. Brown, Atty. Gen., for appellee.

OPINION

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

COATS, Judge.

Allan Johnson was convicted, following a jury trial, of sexual abuse of a minor in the second degree, AS 11.41.436(a)(2), a class B felony. Johnson appeals, raising several issues. We conclude the trial court erred in admitting evidence of an alleged prior bad act by Johnson. We reverse.

C.S., the complainant here, is a six-year-old girl whose mother is Terri Spencer. Before she went out for the evening of July 16, 1984, Spencer left C.S. at Spencer's grandmother's house. Johnson was living there at the time with his wife, Sarah, who is Terri Spencer's aunt.

C.S. testified that, while at her great-grandmother's house, Johnson unbuttoned her pants and touched her "pee-pee" inside her underpants. C.S. also testified that Johnson asked her if it felt good and said that he needed her. When C.S. began to cry, Johnson stopped and left the room. C.S. told her mother and her mother's fiance about the incident the next morning. They reported it to the police about a week later.

As part of its case in chief, the state presented evidence of a prior uncharged incident involving Johnson and C.S. This event allegedly occurred in January 1983, a year and a half before the incident with which Johnson was charged at trial. At that time, C.S. reported to her mother that Allan Johnson woke her up and told her

that he was taking her to see her daddy. C.S. reported that Johnson had taken her to a building and tickled her. C.S. led her mother to the building where Spencer found C.S.'s mittens under the building. The police later found Johnson's sweat shirt and a jar of vaseline under the building. C.S. was interviewed using dolls and stated that Johnson had tickled her on the stomach and arms. A medical examination was conducted and there was no evidence of any sexual contact. No charges were brought against Johnson based on this incident. At trial, C.S. testified that Johnson had touched her "pee-pee" on this occasion.

Johnson denied the charged incident ever happened. His wife testified that, on the night in question, she had been up all night and that she woke C.S. up out of a nightmare. Johnson argued that C.S. had dreamed the incident. He contended that the nightmare occurred because C.S. had been sexually molested by another man in the past.[1]

Johnson argues that Judge Tunley erred in admitting evidence of Johnson's alleged prior incident with C.S.

> Alaska Rule of Evidence 404(b) provides: Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

In *Lerchenstein v. State*, 697 P.2d 312, 315–16 (Alaska App.1985) (citation omitted), *aff'd*, 726 P.2d 546 (Alaska 1986) we discussed the application of A.R.E. 404(b) and A.R.E. 403:[2]

> The trial court's inquiry, then, is twofold. First, the court must determine that the evidence sought to be admitted has relevance apart from propensity. Second, the court must determine that

the nonpropensity relevance outweighs the presumed highly prejudicial impact of the evidence. If there is no genuine nonpropensity relevance, the balancing step is never reached.

In *Burke v. State*, 624 P.2d 1240, 1248–50 (Alaska 1980), the supreme court discussed two grounds for admitting prior sexual acts with the same victim. The first ground is for the purpose of showing an ongoing relationship. The supreme court also discussed admitting evidence of acts with the same victim in order to place an offense in context and to show the background of the offense. The state argues that the alleged prior incident involving Johnson and C.S. was admissible under *Burke*.

## ONGOING RELATIONSHIP

■ In discussing this ground for admitting prior sexual acts with the same victim, the supreme court set out as the "best summary and analysis" the following quote from Professors Lempert and Saltzburg:

> A second situation where many courts admit other crimes evidence to show propensity is where defendant [sic] is charged with a sex crime. This use directly contravenes the propensity rule, since the evidence of other crimes is admitted to support the specific inference that the defendant who committed one sex crime probably committed another. In the majority of jurisdictions, however, this exception is tempered by the requirement that the other sex crimes be shown to have occurred with the partner or victim of the crime charged. The theory is that what is being shown is not general propensity to crime but propensity to criminal activity with the same person.
>
> The exception arose at a time when consensual sex crimes, such as adultery and fornication, more often reached trial. In this context, the exception makes

---

**1.** The parties stipulated at trial that C.S. had been molested by another man at some time between January, 1983 and July, 1984.

**2.** Alaska Evidence Rule 403 states, in part:

Although relevant, evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice....

sense, for the probative value of earlier acts in an ongoing relationship appears especially high. However, as with common plan evidence, *evidence of other sex crimes will be more prejudicial than probative when the evidence linking the defendant to the other crime is either weak or basically the same as that linking the defendant to the crime charged. The evidence is also substantially less probative when only one or two similar crimes are alleged to have been committed, because one cannot then assume that a relationship exists which makes repetition of the crime particularly likely.*

*Burke*, 624 P.2d at 1248–49 (quoting R. Lempert and S. Saltzburg, *A Modern Approach to Evidence*, 220–21 (1977) (footnotes omitted and emphasis added)).

The evidence of the prior incident in Johnson's case falls within the cautionary language set forth in *Burke*. There is only a single prior incident. It is true that the evidence connecting Johnson to the prior incident is strong since there is no reason to doubt C.S.'s identification of Johnson in the prior incident. A sweater, identified as Johnson's, was also found at the scene. However, the evidence that Johnson molested C.S. at that time is weak and the incident happened eighteen months before the crime with which Johnson was charged. It seems reasonable that C.S., who was six at the time of trial, would have trouble remembering accurately an incident which had happened so long ago. We note that

C.S.'s claim of sexual contact during the first incident was not made until the time of trial. The evidence might tend to show that Johnson had a sexual interest in C.S. but we conclude that this evidence was of limited probative value. The prejudicial effect of introducing evidence suggesting that Johnson had either molested or attempted to molest C.S. previously was high.[3] We note that a great deal of the evidence presented at trial and the argument of counsel concerned the prior incident. We conclude the trial court abused its discretion in admitting evidence of the prior incident to show Johnson's sexual interest in, or on-going relationship with, C.S.

## BACKGROUND

In *Burke*, the supreme court also ruled that evidence of prior sexual acts with the same victim might be admissible as background information to place a victim's testimony in context. 624 P.2d at 1250. The supreme court quoted the following language to explain this rationale as it applied to a statutory rape case:

It was, of course, necessary for the state to prove the act charged. If the act had been accomplished by force or some coercive process against resistance it perhaps would have been immaterial to the jury's understanding of the case to have limited the evidence to the one act complained of. Forcible rape at a given time and place need not require a background of previous conduct to make the

---

**3.** In commenting on the prejudicial effect of admission of uncharged, prior sexual acts the supreme court stated:

When prior acts involve sexual misconduct, the trial court should carefully weigh the probative value of such evidence against its prejudicial effect. The probative value in this case was significant. It reflected a history of prior sexual assault, and there was corroboration that both the event charged and at least one of the prior acts occurred. However, the damaging effect of such information was substantial. It greatly bolstered the victim's story and revealed to the jury that this alleged incident was not an isolated occurrence but part of a history of rape.

*Burke*, 624 P.2d at 1250–51 (footnotes omitted). The supreme court, in *Burke*, also quoted the

following language from *McMichael v. State*, 94 Nev. 184, 577 P.2d 398, 401 (1978), *overruled on other grounds, Meador v. State*, 101 Nev. 765, 711 P.2d 852 (1985).

Because of the dangers of creating assumptions of guilt in the minds of the triers of fact, the risks attendant to compelling the accused to meet collateral charges and possible confusion of the issues, this exception mandates proof of similar offenses which are *near in time* to the principal offense and which do not apply to mere criminal propensities in general but rather to specific sexual proclivities. The evidence should be received with extreme caution, and if its relevancy is not clear, the evidence should be excluded.

624 P.2d at 1260 n. 16 (citations omitted; emphasis added).

act believable. Here, however, as we have already pointed out, it would have been an unnatural and thus unbelievable story to have described only the particular incident without some background to explain the victim's ready acquiescence. So the state was obliged to show why the act could occur in the manner charged. The evidence was part and parcel of the crime actually charged.

*Burke,* 624 P.2d at 1250 (quoting *State v. Kristich,* 226 Or. 240, 359 P.2d 1106, 1109 (1961), *appeal after remand,* 235 Or. 1, 383 P.2d 380 (1963)).

This rationale does not seem to apply to the instant case. Admission of the prior incident was not necessary to place C.S.'s testimony in context. The prior incident took place eighteen months before the incident charged at the trial. The only connection between the two arises if the prior incident is used to demonstrate Johnson's sexual interest in C.S. However, we have already concluded that the evidence of the prior incident should not have been admitted for this purpose.

We therefore conclude that the evidence of the prior incident was improperly admitted. Johnson's conviction is REVERSED.