**Atlas E. PATTERSON, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–978.

Court of Appeals of Alaska.

Feb. 20, 1987.

Michael Jungreis, Anchorage, for appel-
lant.

Nancy R. Simel, Asst. Atty. Gen., Office
of Special Prosecutions and Appeals, An-
chorage and Harold M. Brown, Atty. Gen.,
Juneau, for appellee.

OPINION

Before BRYNER, C.J., and COATS
and SINGLETON, JJ.

SINGLETON, Judge.

Atlas Patterson was convicted of two
counts of sexual abuse of a minor in the
first degree (AS 11.41.434(a)(1)), one count
of attempted sexual abuse of a minor (AS
11.41.434(a)(1); AS 11.31.100(a)), and one
count of sexual abuse of a minor in the
second degree (AS 11.41.436(a)(2)). He ap-
peals, arguing that the trial court erred in
failing to dismiss the indictment for prose-
cutorial misconduct and in permitting the
state to offer evidence at his trial in viola-
tion of Alaska Evidence Rules 403 and
404(b). Essentially, Patterson's appeal
presents a single issue: was evidence that
he had been convicted of sexually assault-
ing the same victim two years prior to the
incidents alleged in the current indictment
admissible, before the grand jury and at his
trial? We conclude that the evidence was
properly admissible and affirm Patterson's
conviction.

Atlas Patterson was convicted of multi-
ple counts of sexual abuse and sexual as-
sault on A.V., the daughter of his girl-
friend, B.V. Evidence presented before the
grand and petit juries established that Pat-
terson pled *nolo contendere* and was con-
victed of sexually assaulting A.V. in Octo-
ber 1982. It appears that A.V. promptly
complained of the prior assault, which re-
sulted in Patterson's arrest and his incar-
ceration from October 21, 1982, until his
sentencing in January 1983. Patterson
was allowed credit for time served and was
released into the community on the strin-
gent conditions that he avoid any contact
with A.V., and that he undergo counseling,
for alcohol and sexual abuse.

Patterson's probation was revoked in Au-
gust 1983 after the state alleged that he
had attempted to visit A.V. and that he had

not obtained the required alcohol and sexual abuse counseling. The parties are in dispute as to which of these allegations were sustained and resulted in revocation of Patterson's probation. They agree that he remained in prison from August 31, 1983, until August 7, 1984, when he was released.

The grand jury indicted Patterson for sexually abusing A.V. on August 8, 1984, and August 14, 1984. A.V. testified to the assaults, though she was somewhat uncertain as to the precise dates. She did testify that the assaults occurred at two motels in Wasilla, Alaska. The state established, by independent evidence, that Patterson, his girlfriend, B.V., and the victim were at those motels on August 8, 1984, and August 14, 1984. The state also charged B.V. with attempted sexual abuse, reasoning that she had aided and abetted Patterson in the assaults on her daughter. The grand jury indicted B.V., but Judge Cutler granted her a directed verdict of acquittal at trial. Patterson did not testify and did not present any evidence in his defense. His theory of the case, as presented by his attorney, was that A.V. had falsely accused him of sexual assault out of jealousy; A.V. wanted to be the exclusive recipient of her mother's attentions. In support of his contention that A.V. was lying, Patterson's counsel stressed what he contended were inconsistent statements made by the victim when she recounted the assaults to the police, the grand jury, and at trial.

## DISCUSSION

In *Lerchenstein v. State*, 697 P.2d 312 (Alaska App.1985) *aff'd*, 726 P.2d 546 (Alaska 1986), we discussed the application of Alaska Evidence Rules 404(b) and 403.[1] The trial court's inquiry is two-fold. First, the court must determine that the evidence sought to be admitted has relevance apart from propensity. In other words, the evidence may not be offered to show that because a person acted in a certain way in the past, he probably acted in the same way at the time charged in the indictment. Second, the court must determine that the nonpropensity relevance outweighs the presumed, highly prejudicial impact of the evidence. If there is no genuine nonpropensity relevance, this balancing step is never reached. 697 P.2d at 315–16.

In *Burke v. State*, 624 P.2d 1240 (Alaska 1980), the supreme court discussed two justifications for admitting prior sexual acts with the same victim: first, to establish an ongoing relationship between the victim and the accused; and, second, to place an offense in context and to show the background of the offense. 624 at 1248–50. Thus, evidence is admissible under the second prong of *Burke* to explain why, for example, the victim acted the way she did in response to the sexual abuse, or why she failed to make a prompt complaint.

Patterson argues that the *Burke* rationale is inappropriate here, because the state's evidence establishes only one prior sexual assault in October 1982 and not an ongoing relationship. He notes also that A.V. promptly notified the nearest impartial adult, the hotel desk clerk, resulting in Patterson's almost immediate arrest. In fact, A.V. has apparently never shown any hesitancy in reporting Patterson's sexual abuse to the authorities.

At trial, the state argued that evidence was relevant to show Patterson's motive. In the state's view, Patterson was extremely angry at A.V. for reporting the first abuse to the police, resulting in his serving a substantial period of time in prison. Thus, his sexual assault of A.V., within twenty-four hours of his release from incarceration for the first offense, establish-

---

1. A.R.E. 404(b) provides:
 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowl-

 edge, identity, or absence of mistake or accident.
 A.R.E. 403 states, in part:
 Although relevant, evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice....

es that he was seeking revenge for his earlier conviction. The trial court rejected this rationale, concluding that there was nothing in A.V.'s testimony, regarding the incident, to indicate that Patterson was angry with her. Rather, the court concluded that this case was governed by *Burke.*

The state may use circumstantial evidence in a case to corroborate or bolster the account of its complaining witnesses. Evidence of motive has historically been one of the ways in which the state circumstantially establishes that the defendant committed the proscribed act. We agree with the trial court that the state has misapprehended the motive in this case. It seems clear from the testimony interpreted in light of the prior events, that Patterson's motive was sexual desire for A.V. and not hatred for her. It is equally clear that the prior conviction and the surrounding circumstances were admissible to explain that motive. *See, e.g.,* 2 J.H. Wigmore, *Evidence* §§ 398–402, at 445–463 (Chadbourn rev. 1979).

While evidence regarding a motive to have intercourse with one woman does not support an inference that the defendant was motivated to have intercourse with a different woman (*see Pletnikoff v. State,* 719 P.2d 1039, 1043 (Alaska App.1986)), it may establish a motive to have intercourse a second time with the first woman. Our recent decision in *Johnson v. State,* 727 P.2d 1062 (Alaska App.1986), is not to the contrary.

In *Johnson,* C.S., a six-year-old girl, charged the defendant with sexually molesting her in July 1984. In support of this charge, the state presented evidence of a prior uncharged incident involving Johnson and C.S. in January 1983. We held that the trial court abused its discretion in admitting this evidence. We concluded that a single incident did not establish an ongoing relationship, and that the evidence had only minimal value in explaining the relationship between Johnson and C.S. Our conclusion rested on an assumption that the evidence regarding the earlier incident was extremely weak. It happened eighteen months prior to the crime for which Johnson was charged, when C.S. was only four and one-half years of age. C.S. did not contend that the first incident involved a sexual contact until the trial and, while the earlier incident was investigated, no charges were brought.

In contrast, A.V., who was eleven years of age at the time, charged Patterson with a sexual assault in 1982, resulting in his plea of *nolo contendere* and conviction. During the time between the first incident and the incidents charged in the complaint, Patterson was either incarcerated, or under a strict order not to contact A.V. It is particularly striking that the first incident charged in the indictment occurred within twenty-four hours of Patterson's release from incarceration. Under the circumstances, a jury could well conclude that the 1982 assault established that Patterson had a significant sexual desire for a specific victim, A.V., thus supplying persuasive circumstantial evidence that he had sexually assaulted her, in 1984, as she testified.

The judgment of the superior court is AFFIRMED.