IN THE SUPREME COURT OF THE STATE OF NEVADA

EDWARD BEDROS BEDROSIAN, A/K/A
EDWARD BEDROS BEDRUSIAN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 80532

**FILED**

JUL 09 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of first-degree murder with the use of a deadly weapon.[1] Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

Appellant Edward Bedrosian argues that the district court erred in conducting numerous unrecorded bench conferences. We agree that the district court should have recorded the bench conferences or made a more complete record during subsequent trial breaks. *See Preciado v. State*, 130 Nev. 40, 43, 318 P.3d 176, 178 (2014) (providing that "it is crucial for a district court to memorialize all bench conferences, either contemporaneously or by allowing the attorneys to make a record afterward"). But, the district court's error "warrants reversal only if the appellant shows that the record's missing portions are so significant that their absence precludes this court from conducting a meaningful review of the alleged errors that the appellant identified and the prejudicial effect of any error," *id.*, and Bedrosian has not shown that here. While Bedrosian mentions some of the alleged errors that were the subject matter of the bench conferences, he does not provide any relevant authority in support;

---

[1]Pursuant to NRAP 34(f)(1), we conclude that oral argument is not warranted.

21-19789

instead, he contends that he cannot properly raise these issues based on the unrecorded bench conferences. We disagree because on multiple occasions Bedrosian made a record about what occurred during an unrecorded bench conference. Bedrosian's requests to make a record signal that he was able to preserve contested issues and that the district court did not impede the parties from making a record. *Cf. id.* (district court denied defendant's "motion to settle the trial record and reconstruct the unrecorded conferences"); *Daniel v. State*, 119 Nev. 498, 507, 78 P.3d 890, 897 (2003) (district court denied defendant's motion "to have all the proceedings of his case reported and transcribed"). Because Bedrosian does not adequately raise any separate grounds for relief related to the unrecorded bench conferences, we cannot conclude that "the district court's failure to record all conferences prejudiced his appeal." *Preciado*, 130 Nev. at 43, 318 P.3d at 178. Thus, we conclude that Bedrosian has not shown that relief is warranted.

Bedrosian also argues that the district court erred in denying his motion for a mistrial after the State elicited hearsay testimony but he provides no relevant authority. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) (providing that an appellant must "present relevant authority and cogent argument; issues not so presented need not be addressed by this court"). However, after reviewing the record and considering the claim on the merits, we conclude that Bedrosian has not shown that the district court abused its discretion. *See Rudin v. State*, 120 Nev. 121, 142, 86 P.3d 572, 586 (2004) ("The trial court has discretion to determine whether a mistrial is warranted, and its judgment will not be overturned absent an abuse of discretion.").

SUPREME COURT
OF
NEVADA

(O) 1947A

Here, Bedrosian contends that the State elicited inadmissible hearsay testimony when a witness testified that she gave the victim $3,200 to purchase a vehicle and the State's questioning implied that Bedrosian received the money. But Bedrosian testified that he tried to help the victim and the witness purchase a vehicle and they gave him $500 to that end. Accordingly, the task of determining what amount of money Bedrosian obtained was left to the jury. *See Stewart v. State*, 94 Nev. 378, 379, 580 P.2d 473, 473 (1978) (providing that this court has consistently "held that where there is conflicting testimony presented, it is for the jury to determine what weight and credibility to give to the testimony" (internal quotation marks omitted)). Thus, we conclude that Bedrosian has not shown that relief is warranted. Accordingly, we

ORDER the judgment of conviction AFFIRMED.[2]

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, Sr.J.
Gibbons

cc:    Chief Judge, Eighth Judicial District Court
Department 21, Eighth Judicial District Court
Brian S. Rutledge
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

_____

[2]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.